ARINTHA CONOVER, plaintiff in error, v. THOMAS WARREN *et al.*, defendants in error.

*Error to Jersey.*

A vendor of real estate waives his equitable lien, whenever he takes distinct security for the payment of the purchase money. The mere taking of the bond, bill or note of the purchaser is not of itself, regarded as an act of waiver, for such instruments are only the evidence of the debt. But the taking of the bond, bill or note of the purchaser, with security, is evidence that the vendor does not rely on the lien, but on the security, and extinguishes the lien.

A vendor's lien upon real estate is discharged by the taking of any independent security, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person.

A. sold and conveyed to B. a tract of land, and received in payment two promissory notes, of other persons, which were made payable to B. at a future day, and by him assigned to A.: *Held,* that by taking these notes, A. waived her lien on the land, and relied upon the solvency of the makers of them, and the contingent liability of the purchaser as assignor: *Held,* also, that if she had relied on the responsibility of the makers alone, her lien would have been extinguished.

Where a vendor suffers more than three years to elapse without asserting a lien, a strong presumption arises that the lien was waived, notwithstanding the bill should allege that the vendor did not intend to waive the lien.

BILL in Chancery to enforce a vendor's lien, in the Jersey Circuit Court, brought by the plaintiff in error against the defendants in error. The cause was heard before the Hon. Samuel D. Lockwood, at the September term 1844, on a demurrer to the bill. The demurrer was sustained and the bill was dismissed with costs. The substance of the bill will be found in the Opinion of the Court.

*W. K. Tilcomb* filed a written argument in behalf of the plaintiff in error, in which the doctrine of a vendor's lien, and a waiver thereof, was discussed *in extenso*.

*E. Keating,* upon the same side, made the following points:

1. *Prima facie,* the vendor has a lien for the purchase money against the purchaser and all claiming under him with notice, and it is for the latter to show its waiver. *Chapman* v. *Turner,* 1 Vernon, 267; *Nairn* v. *Prowse,* 6 Vesey, 752;

*Mackreth* v. *Symmons,* 15 do. 330; *Cowell* v. *Simpson,* 16 do. 275; *Gibbons* v. *Baddell,* 2 Eq. Ca. Abr. 682, note *b.* to *d.; Blackburn* v. *Gregson,* 1 Cox 90; *Hughs* v. *Kearney,* 1 Scho. & Lef. 132; *Grant* v. *Shills,* 2 Ves. & Bea. 306; 2 Sugden on Vendors, 62 *et seq.; Fowler* v. *Rust,* 2 A. K. Marsh. 296; *Carson* v. *Green,* 1 Johns. Ch. R. 308; *Fish* v. *Holland,* 1 Paige, 20; *Brown* v. *Gilman,* 4 Peters' Cond. R. 445; *Bailey* v. *Greenleaf,* 5 do.; *Stafford* v. *Van Rensellaer,* 9 Cowen, 316; *Dyer* v. *Martin,* 4 Scam. 446.

2. The taking of bills of exchange drawn by the purchaser upon third persons is no waiver, and the notes of third persons, indorsed to the vendor by the purchaser, stand on the same footing. *Fowler* v. *Rust, Hughs* v. *Kearney,* and *Grant* v. *Shills,* before cited; *Bank of Montgomery Co.* v. *Walker,* 9 Serg. & Rawle, 238; *Copp* v. *McDougall,* 9 Mass. 1; *Heylin* v. *Adamson,* 2 Burr. 669; *Woodworth* v. *Bank of America,* 19 Johns. 407.

*W. Thomas,* for the defendants, relied on the following points and authorities:

I. The facts stated in the bill are such as to justify the conclusion, that at the time of the sale and conveyance, neither party had in contemplation the lien now attempted to be enforced; two thousand dollars was the sum agreed to be paid for ten acres of land adjoining the village of Jerseyville, and cash notes were indorsed and delivered to the vendor in payment; these notes were negotiable, could be used in trade, and the makers were supposed to be good. Why should the vendor have parted with these securities, and thereby put it out of his power to use that amount of capital, and still hold the property purchased as trustee, and bound for the payment of two thousand dollars? The facts, as detailed in the bill, cannot fail to satisfy the Court, that the existence of the lien now claimed never entered the mind of the parties until after the insolvency of the makers was ascertained and the property had been conveyed.

II. If a vendor take a distinct and independent security for the purchase money, his lien on the estate is good; such

a security is evidence that he did not trust to the estate as a pledge for his money. 2 Sugden on Vendors, 65; 4 Kent's Com. 153; 2 Story's Eq. Jur. 476, 477, 478, and the notes.

III. When the vendor obtains possession, control and use of negotiable paper, in payment for real estate, on which the money may be obtained without calling on the vendee, no lien will attach, and the transfer or assignment of notes cannot be considered as a mode of paying money, as might be in the case of checks or bills of exchange. *Nairn* v. *Prowse*, 6 Vesey, 759; *Mackreth* v. *Symmons*, 348, 349; 2 Story's Eq. Jur. and 4 Kent's Com., before referred to.

IV. The counsel for defendants does not enter into the discussion of the general question of vendor's lien in this State, because he is confident that whatever the law may be declared to be on that subject, the claim of lien cannot be sustained in this case.

The Opinion of the Court was delivered by

TREAT, J. The bill in this cause was filed in July, 1843, and sets forth substantially the following facts. In February, 1840, the complainant sold and conveyed a tract of land to Thomas Warren for the consideration of two thousand dollars. Warren gave her in payment two promissory notes, one for one thousand three hundred and seventy five dollars, dated April 1st, 1839, drawn by John F. Darby, as President of the Missouri Silk Company, in favor of Warren, and by him indorsed; the other for six hundred dollars, dated November 15th, 1839, drawn by John B. Fairbanks in favor of Warren, and by him indorsed. The bill then charges, that the complainant received the notes in payment, on the representations of Warren that the same were good, and would be paid at maturity; and not as collateral security, and in discharge of her equitable lien on the land; that the notes were worthless, and have never been paid in whole or in part. The bill further charges, that George E. Warren, in December, 1841, with full knowledge of the foregoing facts, purchased the land of Thomas Warren and received a conveyance therefor. The

bill makes the Warrens defendants, and concludes with the prayer that they may be compelled to pay the notes, and in default thereof, that the land may be sold, and the proceeds applied to the payment of the purchase money.

The defendants demurred to the bill.   The Circuit Court sustained the demurrer, and dismissed the bill.   To reverse that decision, this writ of error is prosecuted.

The only point in the case is, whether the bill on its face shows that the complainant has a lien on the land, for the payment of the purchase money.   In the decision of this question, we do not deem it necessary to review the various decisions on the subject of the equitable lien of the vendor of real estate.   The doctrine properly deducible from the leading authorities is, that the seller waives the lien, whenever he takes distinct security for the payment of the purchase money.   The mere taking of the bond, bill or note of the vendee, is not of itself regarded as an act of waiver, for such instruments are only the evidence of the debt.   But the taking the bond, bill or note of the purchaser with security is evidence that the vendor does not rely on the lien, but on the security, and extinguishes the lien.   The lien is also discharged by the taking of any independent security, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person.   4 Kent's Com. 153; 2 Story's Eq. Jur. 475, note 2; 2 Sugden on Vendors, 59; *Brown* v. *Gilman*, 4 Wheaton, 255; *Fish* v. *Howland*, 1 Paige, 20; *Williams* v. *Roberts*, 5 Ohio, 18.

On the principle of these authorities, we are clearly of the opinion, that the complainant is not entitled to the relief she claims by her bill.   It is evident from the facts disclosed in the bill, that she waived her lien by receiving and relying on other security for the payment of the purchase money.   She conveyed the land, and received in payment the promissory notes of third persons, payable at a future day, indorsed by the vendee.   In so doing, she relied on, as security for payment, the responsibility of the makers of the notes, and the contingent liability of the purchaser, as the assignor of the notes.   If she had taken, as security for the payment

of the purchase money, the responsibility of the makers of the notes, her lien would have been extinguished. The fact that the responsibility of the vendee was superadded, makes it the more manifest that she relied on the notes, and not on the land for security. These facts of themselves fully discharged the lien, unless there was at the time an express reservation of it. Again, she permitted more than three years to elapse before she made any attempt to assert a lien on the land. This long delay, wholly unaccounted for, furnishes a strong presumption, that the lien was considered as waived. It is true, the bill alleges that she did not intend to discharge the lien, but the facts stated in the bill are inconsistent with the truth of this allegation. The further allegation, that the notes were received on the representations of Warren that they were good, when in fact they were worthless, does not change the character of the case. This allegation may be true, and yet the complainant may have entirely renounced her equitable lien. Whether the security was valueless or not, she nevertheless at the time relied on it, and not on the land. She does not charge that Warren acted in bad faith, in making the representations. If he had made them with a fraudulent intent, and thereby injured her, another question might arise.

These equitable liens on real estate are generally unknown to the world, and frequently operate injuriously on the rights of creditors and purchasers, and ought not to be enforced but in cases, where the right is clearly and distinctly made out.

On the whole case, we are fully satisfied with the decision of the Circuit Court, and its decree is affirmed with costs.

*Decree affirmed.*