KATE C. A. A. COWL and W. AUGUSTUS COWL

*v.*

MARK VARNUM.

1. CHANCERY— *lien of vendor of land rests on intention.* The lien of a vendor of land, is the offspring of courts of equity alone, independent of any express contract, upon the mere supposition of the intention of the parties. Whenever, therefore, the court can infer from any circumstances, that the vendor did not rely upon this lien for his security, it is treated as waived.

2. SAME — *how it may be waived.* Taking the note of a third party for the purchase price is deemed a waiver of this lien.

3. SAME — *not to be extended beyond settled principles of equity.* These liens are secret, and often productive of much injustice, and should not be extended beyond the requirements of the settled principles of equity.

4. SAME — *lien waived how, where wife is purchaser.* Where a married woman purchased a tract of land paying five hundred dollars of the purchase money with her own funds, not derived from her husband, and the husband gave his note for the balance of the purchase money, the vendor has no lien on the land for such balance.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. I. O. WILKINSON, Judge, presiding.

This was a bill in chancery in the Henry Circuit Court by Hiram Varnum against Kate C. A. A. Cowl and W. Augustus Cowl, her husband, to enforce a vendor's lien. A decree passed in favor of the complainant, and the case is brought here by writ of error. The only error assigned, is the decree upon the facts, which are fully stated in the opinion of the court.

Mr. C. C. WILSON & Mr. MARTIN SHALLENBERGER argued for the plaintiffs in error, and submitted these points:

By the act of February 12th, 1861, statutes of Illinois, the property of a married woman, both personal and real, shall be and remain her sole and separate property, and shall not

be subject to the disposal, control or interference of her husband, and shall be exempt from execution for the debts of her husband, etc.

Therefore, when the deed of said real estate was delivered to said Kate C. A. A. Cowl, the said real estate became her property, vesting in her, full, complete and absolute title.

The complainant had the right in the first instance to insist on the payment of the whole sum of the purchase money, but by his act of delivering the deed and possession of the said real estate to Kate C. A. A. Cowl, and receiving the individual note of her husband for the remaining three hundred dollars of the purchase money, he thereby lost all right or title to said real estate, and it became the absolute property of said Kate, and a court of equity cannot compel her to part with her title to said real estate without her consent, citing, *Spurk* v. *Crook et al.*, 19 Ill., 415; *Moulton et al.* v. *Hurd*, 20 Ill., 137; *Lane* v. *Soulard*, 15 Ill., 123.

When a married woman has even an equitable interest, the courts cannot take it from her without her consent, and it is admitted in the bill, that the five hundred dollars paid was her sole separate property; therefore she has at least an equitable interest in the said real estate, citing, *Spurk et al.* v. *Crook, et al.*, 19 Ill., 415; *Knowls* v. *McCramby et al.*, 10 Paige R., 342; *Martin* v. *Williams et al.*, 10 Ohio R., 303; *Percell* v. *Garhare et al.*, 17 Ohio R., 105.

The second error assigned is, " that the court erred in ordering that complainant have a lien as vendor of said real estate for the payment of the note of W. Augustus Cowl, one of the defendants."

They said the vendor's lien arose from principles of equity alone, and had no foundation or support in the principles of the common law or our statute. Courts of equity have created this lien independent of any express contract, upon the mere supposition of the intention of the parties, and whenever, from any circumstance, the court can infer that the vendor did not rely upon this lien for his security, the courts have treated it as waived. Thus the taking of any security either

personal or material, has been considered as a waiver of the lien, citing, *Conover* v. *Warren,* 1 Gilm., 498; *Trustees* v. *Wright,* 11 Ill., 603; *Richards* v. *Leaming et al.,* 27 Ill., 431.

They insisted if a vendor takes a distinct and independent security for the purchase money, his lien on the estate is gone; such a security being evidence that he did not trust to the estate as a pledge for his money, citing, 2 Sugden on Vendors, 65; 4 Kent's Com., 153; 2 Story's Eq. Jur., 467, 477, 478 and Notes.

The lien is also discharged by taking a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person, citing, 4 Kent's Com., 153; 2 Story's Eq. Jur., 475, Note 2; 2 Sugden on Vendors, 59; *Brown* v. *Gilman,* 4 Wheaton, 255; *Fish* v. *Howland,* 1 Paige, 20; *Williams* v. *Roberts,* 5 Ohio, 18.

On the principle of these authorities, it was very clear that the complainant was not entitled to the relief he claims by his bill. It was evident by the facts disclosed in the bill and answer, there being no other proof, that he waived his lien by receiving and relying on the individual note of W. Augustus Cowl, who, by the act of February 12th, 1861, is a separate and distinct person so far as business matters and the control of the property of Kate Cowl his wife is concerned; and the taking of his note was the same in law as the taking of the note of any other third person.

They said it would seem by the bill, that at the time of the sale of the real estate and the conveyance thereof, neither party had in contemplation the lien now attempted to be enforced, as the complainant alleges in it that W. Augustus Cowl is poor and has no property out of which to enforce collection of the note; therefore it must be clear he thought of the lien after he satisfied himself that Cowl had no property; for if he had have known that fact, before he delivered the deed and received the note, he most certainly would not have delivered the same; and the fact of the note being worthless, will not alter the matter, as he relied upon it at

the time, and not upon the land, citing, *Conover* v. *Warren,* 1 Gilm., 498.

Mr. Justice Breese delivered the opinion of the court:

This was a suit in chancery to enforce a vendor's lien, on the following state of facts: The defendant in error sold certain real estate to Kate C. A. A. Cowl, one of the plaintiffs in error, for eight hundred dollars, she being at the time of the purchase, the wife of her co-plaintiff in error, W. Augustus Cowl, who then acted as her agent in the purchase of the property. Kate paid to the complainant, by her agent, five hundred dollars of the purchase money, it being her sole and separate property, and complainant accepted, for the balance due, the note of W. Augustus Cowl, for three hundred dollars.

On these facts, had the complainant a lien on the land for this balance of the purchase money?

When the deed of the land was made and delivered to Kate Cowl, the land became her property, the title to which was vested in her, absolutely.

The act of February 12th, 1861, provides, that all the property, both real and personal, belonging to any married woman as her sole and separate property, or which any woman hereafter married, owns at the time of her marriage, or which any married woman acquires, during coverture, in good faith, from any person other than her husband, by descent, devise or otherwise, together with all the rents, etc., shall, notwithstanding her marriage, be and remain, during coverture, her sole and separate property, under her sole control, and be held, owned, possessed and enjoyed by her the same as though she was sole and unmarried; and shall not be subject to the disposal, control, or interference, of her husband, and shall be exempt from execution or attachment for the debts of her husband. (Sess. laws 1861, page 143.)

By the delivery of the deed, and possession of the land, to Kate Cowl, and receiving her husband's note for the balance

of the purchase money, the appellee passed away to her, his title to the land, and it became the wife's absolute property, as much so, as if it had been devised to her. It did not come to her through her husband, and no court could compel her to surrender her title to it, without her consent. Before this statute this court held in *Spurck and wife* v. *Crook et al.*, 19 Ill., 415, that by the common law, a wife could not be compelled to convey her land, or release her dower, on any contract, she alone, or in conjunction with her husband, may have made. As Anna Spurck, in that case, had an equitable title, we held she could not be compelled, by a decree of court, to part with it, against her consent.

And on the same principle, the case of *Moulson* v. *Hurd*, 20 Ib., 137, was decided. The payment of five hundred dollars of her own money, as part of the purchase price of the land gave her, at least, an equitable title in it, of which the court could not divest her.

On the other question, had the complainant a vendor's lien on this land, we held in the case of *Richards* v. *Leaming et al.*, 27 Ib., 432, that this lien arises from principles of equity alone, and it is created by courts of equity, independent of any express contract, upon the mere supposition of the intention of the parties, and whenever from any circumstance, the court can infer that the vendor did not rely upon the lien for his security, the courts have treated it as waived. Therefore, taking any security, either personal or material, or the neglect to enforce the lien for a considerable time, though short of the time prescribed by the statute of limitations, has been considered as a waiver of the lien. And in *Conover* v. *Warren*, 1 Gilm., 498, this court held, that the lien was discharged by taking any independent security, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person.

Here, the note of the husband was taken, a third person in the sight of the law governing this case. Taking this note, is evidence the vendor did not look to the land, as a security for his money. These liens are secret, unknown to

the world, and often productive of much injustice, and ought not to be extended beyond the requirements of the settled principles of equity law. *Richards* v. *Leaming et al.*, Supra, 433. These authorities show, conclusively, that no lien existed on this land. Complainant waives his lien by accepting the note of W. Augustus Cowl, who, by the spirit and intention of the act of February, 1861, above quoted, was, to all purposes, so far as the control of this property of his wife is concerned, a separate and distinct person, a third party, as much so, as if he were not her husband.

The decree of the court below allowing the lien is reversed, and the cause remanded, with leave to amend the pleadings.

*Decree reversed.*