Michael Czelusnik and Mary Czelusnik, Appellees, v. Stanislaus Wantroba and Mary Wantroba, Appellants.

### Gen. No. 19,821.

1. VENDOR AND PURCHASER, § 260*—*when right to vendor's lien is waived.* Where a vendor accepts a promissory note of a third

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

person as part of the purchase money, the right to a vendor's lien is waived.

2. VENDOR AND PURCHASER, § 273*—*when evidence insufficient to show right to vendor's lien.* On bill filed for a vendor's lien upon certain real estate sold by complainants to defendants, complainants alleged that a certain paper was handed them by the defendants with the understanding that it meant that the unpaid balance of the purchase money would be paid in cash in a few days but that complainants afterward ascertained that it was a promissory note of a third party who was insolvent. *Held* that the evidence was insufficient to show, that complainants were entitled to a vendor's lien, that by accepting the note for the unpaid balance they waived the right to such lien, and that the claim that they understood the paper to be an assurance that they would receive the balance of the purchase money in cash in a few days was inconsistent with their conduct after the transfer was made.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded with directions. Opinion filed May 4, 1914. Rehearing denied May 18, 1914.

JONES, KERNER & POSVIC, for appellants.

CHARLES A. CHURAN, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is a proceeding in chancery to establish a vendor's lien upon certain real estate which appellees had sold to appellants. Bill, answer and replication were filed and hearing had before the chancellor and a decree entered establishing a vendor's lien, from which decree this appeal is taken..

The bill alleges that on July 9, 1910, appellees were the owners of certain real estate which was incumbered for $2,000; that on that day they conveyed the real estate to appellants for $3,200, appellants assuming the $2,000 incumbrance and were to pay the balance of $1,200 in cash; that they paid $500, and at the same time delivered to appellees a paper in the English language, ''of which they were wholly ignorant''; that this paper was handed to them by appellant Stanis-

laus Wantroba, who explained that it meant that appellees would receive the balance $700 in a few days; that appellees afterwards ascertained that the paper was a promissory note signed by one Ida Rahn and "was not a paper in the nature of an assurance by Stanislaus Wantroba and Mary Wantroba that your orators would receive the sum of $700 within a few days." It was further alleged that appellees were at the time of the filing of the bill, which was in December, 1911, occupying a portion of the premises conveyed as tenants of appellants; that they ceased to pay rent and that appellant Stanislaus Wantroba commenced an action of forcible detainer for possession. It is further alleged that appellees have never been paid anything on said note of Ida Rahn and that she is insolvent; that they received no security for the payment of the balance of $700, and that by reason thereof appellees are entitled to a vendor's lien.

In their answer to the bill appellants admit the purchase price and the payment of $500 in cash and the assumption by them of the $2,000 incumbrance and the giving of the note for $700 made by Ida Rahn, but they deny that they represented the paper to mean that appellees were to receive the balance of $700 in a few days, and deny that appellees accepted the paper with the assurance or believing that they would receive the said $700 within a few days or from appellants at any time. The answer further sets forth that before the sale of the property Ida Rahn was indebted to appellants in the sum of $700 for money loaned her; that at and before the delivery of the warranty deed from appellees to appellants, appellees stated that they preferred to take part of the said $1,200 in cash and for the balance would accept the promissory note of Ida Rahn payable to their order and payable one year after date, with interest; that thereupon appellants surrendered their note which they held against Ida Rahn, and the same was cancelled; that appellees received and accepted from Ida Rahn her note for $700

payable as aforesaid, and that it was received and held by appellees as and for the balance of the purchase money; that thereafter they received and accepted from Ida Rahn $25 on account of said note, and have held the note up to date; that afterwards appellees paid rent to appellants for seven months' possession of part of the premises conveyed, and never made any claim upon appellants for the balance of the purchase money until appellants commenced a suit for possession on the ground of nonpayment of rent, in which suit appellants obtained a judgment for possession.

If it is true that appellees accepted Ida Rahn's note for $700 as part of the purchase money, then they are not entitled to a vendor's lien and the bill should be dismissed for want of equity. It was so held in the early case of *Conover v. Warren*, 6 Ill. (1 Gilm.) 498, where the Court said: "The lien is also discharged by the taking of any independent security, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person."

In *Blomstrom v. Dux*, 175 Ill. 435, the Court said:

"A vendor's lien is not recognized by our statute. It is a creature of the courts of equity. It does not grow out of any agreement, but is created in equity without an express agreement of the parties. It is an implied agreement, existing between the vendor and vendee, that the former shall hold a lien on the land for the payment of purchase money. If the vendor does not rely on the lien, such implied agreement is done away with, and a court of equity will hold that the lien has been waived. A vendor's lien is waived, if the vendor takes other security for the purchase money. It has been held, that any act, manifestly declaring an intention not to rely on the lien, may defeat it, or prevent it from attaching."

And in *Cowl v. Varnum*, 37 Ill. 181, the Court said of a vendor's lien, "this lien arises from principles of equity alone, and it is created by courts of equity, independent of any expressed contract, upon the mere supposition of the intention of the parties, and when-

ever from any circumstance, the court can infer that the vendor did not rely upon the lien for his security, the courts have treated it as waived." In *Andrus v. Coleman,* 82 Ill. 27, it is held that the taking of the note of the husband of the vendee to secure the payment of the purchase money was a waiver of a vendor's lien. To the same effect are *Boynton v. Champlin,* 42 Ill. 65; *Kirkham v. Boston,* 67 Ill. 603; *Ilett v. Collins,* 103 Ill. 74; and in 39 Cyc. 1836, the statement is made: "Where the vendor takes the notes or other obligations of third persons for the purchase money he waives his vendor's lien"; and this is supported by a large number of authorities.

From examination of the testimony we have concluded that appellants clearly established the allegations of their answer concerning the giving of the Rahn note to appellees. Appellees' claim that they could not read English may be true, but it does not follow that they did not thoroughly understand the transaction. Their own conduct certainly is inconsistent with their claim that they understood this paper to be an assurance that they would receive the balance of the purchase money in cash in a few days. They took the note home and put it away in a trunk. About three months afterwards Ida Rahn paid appellee Mary Czelusnik $25 on account of the note, Czelusnik not being in the house. Subsequently Mrs. Rahn came to the house and offered Mary Czelusnik $50 in the presence of several witnesses, but Mary Czelusnik told her she would not take $50 but wanted all the money. It further appeared that at the time of the transfer of the property Ida Rahn had been in the real estate business in the neighborhood where the parties resided for about thirteen years, and that her financial reputation was good. It also appears from the evidence that about two months after the note became due involuntary proceedings in bankruptcy were filed against Ida Rahn and she was adjudged a bankrupt, and that she at that time had fifty or sixty pieces of real estate in Illinois and in New York. It also appears that shortly there-

after appellee Czelusnik came to her and begged her to pay something on the note and said he would take $5. This incident occurred about fifteen months after the conveyance of the property and the acceptance of the note. Ida Rahn did not become a bankrupt until fourteen months after the sale was closed.

Appellees having failed to establish by evidence their right to a vendor's lien, the decree in their favor was erroneously entered. It will therefore be reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*