GEORGE CRULL and WIFE, Plaintiffs in Error, *v.* CHARLES F. KEENER, Executor, &c., Defendant in Error; and CHARLES DICKERSON *v.* CHARLES SPRAGUE.

### AGREED CASE FROM SCOTT.

The Supreme Court, except in certain specified cases, has only appellate jurisdiction.
The Supreme Court will not take jurisdiction of a case certified, or an agreed case, unless there has been a final judgment entered in the court below.

THIS was an agreed case, certified by the clerk of the Circuit Court of Scott county, submitting certain questions, under the statute of limitations, to this court for its consideration and decision.

The case was designed to come within the provisions of the seventeenth section of the twenty-ninth chapter of the Revised Statutes of 1845, entitled "Courts."

The case of *Dickerson* v. *Sprague* was certified from the Cass Circuit Court, under the same circumstances.

N. M. KNAPP and D. A. SMITH, for Plaintiffs in Error.

M. McCONNEL, for Defendant in Error.

CATON, J. This court has only appellate jurisdiction, except in certain specified cases, of which this is not one. Sec. 5, Art. 5, Const. In this case no decision was ever made in the Circuit Court; but the counsel have stipulated or certified that certain

Crull et ux. *v.* Keener, and Dickerson *v.* Sprague.

questions of law arise in the case, which are still pending and undetermined in that court; and on that stipulation the questions are brought here, and we are asked to decide them in the first instance, and for the Circuit Court. This is neither contemplated by the statute nor allowed by the constitution. The word *appellate* in the constitution is used in contradistinction to *original*. It was intended to invest this court with supervisory power only, except where original jurisdiction is *expressly given*. It contemplated some action, decision or determination of some officer or inferior tribunal, by which the rights of some party could be affected; to reëxamine and reverse which, he might be allowed to appeal to this court. The appellate power conferred is to correct errors committed by some inferior jurisdiction, and no error can be committed till a decision is made. There must be something to appeal from, before an appellate power can be exercised. Were we to undertake to decide questions thus presented in the first instance, to this court, we should clearly assume to exercise original jurisdiction, which is exclusively vested in the inferior courts. This very question is still pending and undetermined in the Circuit Court; and it is within its jurisdiction, and perfectly competent, for that court to act upon and decide it, at the very moment it is being considered in this court. Neither the case nor the question is removed from that court by this attempt to bring it before this court. It is the policy of the fundamental law, that all questions of law should be subject to at least two solemn considerations and decisions, before they should be considered as finally settled and determined; and that in their final determination, this court should have the advice and assistance resulting from the consideration and decision of the inferior tribunal. We cannot doubt as to the true meaning of the constitution conferring upon this court its jurisdiction.

Nor do we think the legislature misunderstood it, when they passed the sixteenth and seventeenth sections of the twenty-ninth chapter R. S., or that they ever contemplated that, under that statute, this court would ever assume to exercise any ·thing but appellate jurisdiction. The sixteenth section is this: "The parties in any suit or proceeding at law or in chancery, in any Circuit Court, may make an agreed case containing the points of law at issue between them, and file the same in the said court; and the said agreed case may be certified to the Supreme Court by the clerk of such Circuit Court, without certifying any further record in the case; and upon such agreed case being so certified and filed in the Supreme Court, the appellant or plaintiff in error may assign errors, and the case shall then be proceeded in in the same manner as it might have been, had a full record been certified to the said Supreme Court." Nothing can

be more manifest than that this was never designed, to allow a case to be taken to the Supreme Court till a final decision had been made in the Circuit Court, so that it could be taken up in the ordinary way by filing a complete record. It provides merely another and less expensive mode of accomplishing the same purpose. There must be an appellant or plaintiff in error in the case, who can assign errors, and to do that, there must be something to assign errors upon — some error to complain of. The Circuit Court could commit no error, till it made a decision which could be erroneous. It would be no great compliment to legislative wisdom or learning, to impute to them the intention of requiring or authorizing a party to assign errors upon nothing. That would indeed be a new invention in legal proceedings. The proposition will not admit of grave discussion.

The seventeenth section, upon which more especial reliance was placed at the bar, by the counsel of both parties, in support of this jurisdiction, is this: "Any judge of a Circuit Court may, if the parties litigant assent thereto, certify any question or questions of law arising in any case tried before him, to the Supreme Court, *together with his decision thereon;* or, the parties in the suit may agree as to the questions or points of law arising in the case, and the same may be certified by the counsel or attorneys of the respective parties, who shall sign their names thereto ; and upon such certificate being made, the same shall be filed in the Supreme Court; and a copy of said certificate, certified by the clerk of said Circuit Court to the Supreme Court, and filed therein, and, upon filing the same, the like proceedings may be had in the Supreme Court as if a full and complete record had been transcribed and certified to said court." Now let me ask, in the first place, what proceedings would be had in this court, should a party bring a case here in the usual mode, by a complete transcript of the record, from which it appeared that no decision had been made in the Circuit Court? All who are acquainted with the practice of this court, know that it would at once be dismissed for want of jurisdiction ; and such the *statute* declares shall be the proceeding, when such a case is brought up by a certificate under this section. Under the first clause of the section, when the certificate is made by the judge, it is expressly provided that his decision thereon shall be certified, together with the questions of law presented in the case. Then, in that case at least, a decision must first be made before the case can come here for review. Now, it is plain, from the language of the law, that the subsequent provision of the same section was merely intended to provide another mode for bringing up the *same* case. It was not intended to authorize the bringing up a case in one mode, which could not be brought up

in the other mode. After providing for bringing up the case by the certificate of the judge of the questions, and his decision thereon, the statute says: " *Or*, the parties in the suit may agree as to the questions or points of law arising in *the* case," evidently intending to authorize an alternative mode of proceeding in the same case, and not in another case, in which the first mode could not be adopted. It is true that the legislature did not, in every case, expressly declare that no such certificate should be made until the case was finally disposed of in the Circuit Court; but the reason undoubtedly was, that it did not occur to them that any body would think of bringing a case to this court for review, till something was done in the Circuit Court which required reviewing; that it was not supposed that any person would desire to come to this court to get justice done him, till he had failed to get it in the court, to which by law he was required first to resort. If no decision was to be made in the Circuit Court, why require him to go there at all? It would seem to be a very useless formality to require the parties first to go into the Circuit Court, not for the purposes of justice or adjudication there, but merely as a means of getting into this court, for the real purpose of the litigation, but with no power here to enter the requisite judgment; but for that purpose, the case would again have to be sent back to the Circuit Court; for the case would not be here, but only the question certified, and the judgment could only be entered in the court where the cause would be pending. It would be better at once to allow the parties to come here with their case, as well as their question, and avoid all this expensive circumlocution. But the truth is, the constitution never authorized it, and the legislature never intended it, nor have they done it unintentionally.

This question, submitted to the court for its opinion, must be dismissed for want of jurisdiction to determine it.

*Case dismissed.*