# C. H. MOORE

## v.

## JESSE A. BOLIN ET AL.

PRACTICE—STIPULATION.—This court has appellate jurisdiction only, and it cannot acquire jurisdiction over the records of inferior courts by agreement of parties. Such records can only be brought to the knowledge of this court by means of the exemplification thereof certified by the clerk of the court. The stipulation of parties that the record filed may be considered the same as if certified by the clerk is not sufficient.

APPEAL from the Circuit Court of DeWitt county; the Hon. A. G. BURR, Judge, presiding. Opinion filed January 13, 1880.

Messrs. MOORE & WARNER, for appellant.

Messrs. STEVENSON & EWING, for appellees.

PER CURIAM. This was a bill in chancery for partition, in which Jesse A. Bolin and Emma S. Bolin were complainants, and Erexzine Bolin with several others were defendants; amongst whom were three persons under age, for whom a guardian *ad litem* was appointed by the court. At a subsequent stage of the case, appellant was made a party defendant to the bill, and after having filed his answer thereto, also filed a cross-bill for affirmative relief, whereby the lands in controversy might be subjected to the payment of certain claims held by him against a former owner, from whom the Bolins claim title. The circuit Court first rendered a decree disposing of the partition of the lands, but held the cross-bill for a future hearing. At a subsequent day the cause was heard upon the cross-bill, which the court dismissed, and from this decree this appeal was taken. This we learn from what purports to be a transcript of the record of the Circuit Court, now on file in this cause. But upon examination we find no semblance of a certificate of the clerk of said court attached to said transcript, but in lieu thereof a stipulation signed by the solicitors for complainants

Moore v. Bolin.

in the original bill and respondents in the cross-bill, also by the solicitors for the complainant in the cross-bill, that said document contains a full and complete record in said cause and shall be taken and considered as such, the same as if certified to by the clerk, with the further agreement that appellant shall assign errors only upon certain rulings of the court therein alluded to. Counsel for complainants in the cross-bill sign a joinder in error without stating for whom they appear. The appeal bond is made to Erexzine Bolin, Jesse A. Bolin et al, and recites a decree obtained by Erexzine Bolin and others against appellant, from which decree he had prayed an appeal. We cannot tell, without a full examination of the case, to what extent any judgment we might render would affect the rights of the several parties to the suit. It is very certain, however, that the infants are not before this court, for they cannot be brought in by stipulation of counsel. This fact brings us to the consideration of a question of practice we have met with in several cases at this term. For some reason, unexplained to us, a full transcript, apparently, of the proceedings of the Circuit Court is filed in this court, but in lieu of the clerk's certificate, we find a stipulation somewhat similar to the one in this case.

This court has appellate jurisdiction only. Const. Art. VI, Sec. 11. It cannot acquire jurisdiction over the records of inferior courts by agreement of parties. Plumleigh v. White, 4 Gilm. 387; Crull v. Keener, 17 Ill. 246.

The statute provides the manner in which agreed cases may be made up in the Circuit Court and the judgment of that court certified to this court for review. L. 1877, p. 150, § § 74, 75. But we know of no way by which we can acquire jurisdiction to review the record of the lower courts, unless they are brought to our knowledge by means of exemplifications thereof, certified by the clerks under their respective seals of office. This case, with all others of like character, will therefore be stricken from the docket for want of an authenticated transcript as required by law.

Stricken from docket.