## THE VILLAGE OF JEFFERSON

### v.

## THE BOHEMIAN NATIONAL CEMETERY ASSOCIATION.

1. APPEALS—MUST BE FROM FINAL JUDGMENT.—The Constitution and statutes have vested this court with appellate jurisdiction only, and that jurisdiction cannot be exercised so long as the cause is pending in and under the control of the court below. There must be a final judgment or disposition of the cause in the court below, before this court can take cognizance of an appeal or writ of error therein.

2. AGREED CASE.—A case cannot be brought to this court under the 74th or 75th section of the Practice Act, until after final judgment thereon has been entered in the court below.

3. REFUSAL OF INJUNCTION PENDENTE LITE NOT A FINAL DECREE.— The refusal of the Circuit Court to grant an injunction *pendente lite* is not a final decree from which an appeal can be prosecuted.

ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding. Opinion filed March 2, 1880.

BAILEY, P. J. This was a bill in chancery, filed by the village of Jefferson, averring that the complainant is a municipal corporation in said county of Cook, duly organized under the act of April 10, 1872, providing for the incorporation of cities and villages; that said act, amongst other things, confers upon the complainant the power to establish and regulate cemeteries and acquire lands therefor by purchase or otherwise, and to cause cemeteries to be removed and to prohibit their establishment within one mile of the corporation; that the board of trustees of said village, on the 27th day of December, 1877, passed an ordinance prohibiting the establishment by any person or persons of any cemetery or other place of sepulture within said village, or the use of any land within said village therefor, without the express consent of said trustees, given at a regular meeting of the board, on petition of the person or persons wishing to establish the same, and of a majority of the property owners owning property within one mile of the place where the same was proposed to be established.

The bill further avers, that the Bohemian National Cemetery Association, a corporation duly organized under the laws of this State, presented to said trustees a petition asking permission to establish a cemetery in said village, said petition being signed by persons connected with said association, and, also, by persons purporting to be a majority of the property-owners within one mile of the place where said cemetery was proposed to be established; that on investigation it was ascertained that the requisite number of property-owners had not signed the petition, and, accordingly, the permission prayed for was not granted; that, notwithstanding the failure of said association to comply with said ordinance, and the refusal of the board of trustees to grant them permission to establish their cemetery, they had stealthily and clandestinely, and without the knowledge or consent of the complainant, and in violation of said ordinance, proceeded to and were establishing a cemetery within the limits of said village; that they had purchased a tract of land containing about forty acres, fronting on Clybourne Avenue, an important public street in said village, and had already interred therein three dead bodies, and had posted in front thereof a large placard displaying the words, " Bohemian National Cemetery Association;" that the association had a large force of men at work preparing said grounds; that the same were situated in a thickly populated part of said village, and that the establishment of said cemetery would greatly depreciate the value of property in the vicinity, and would also be highly prejudicial to the health of the surrounding community.

The bill prays for an injunction restraining said association from proceeding with the establishment of said cemetery at the place aforesaid, or at any other place within the corporate limits of said village, and from using the land aforesaid for the purposes of a cemetery, and from interring dead bodies therein; also, that said association be ordered and decreed to remove the bodies already buried, or that might be buried therein up to the time of the hearing of the bill, and to take down said placard; also a general prayer for relief.

Said bill was verified by the affidavit of the complainant's

solicitor, and the defendant afterwards appeared and answered, denying the equities of the bill. The answer was verified by the affidavits of three of the trustees of the association, although the bill waived an answer under oath. After the filing of the answer, the complainant moved for a temporary injunction in accordance with the prayer of the bill, and said motion coming on to be heard upon said bill, answer and affidavits, was denied. No further steps have been taken in the court below, except the filing of the stipulation hereinafter mentioned, and no hearing of the cause has been had or final decree rendered. So far as the record shows, the cause is still pending in the Circuit Court, and is subject to further litigation there.

The counsel for the respective parties have filed in the court below a stipulation which has been certified to this court as a part of the record, by which they agree that the cause shall be submitted to this court upon the pleadings, the same to be taken as having been proven, and that certain questions arising upon said record, which they particularly enumerate, shall be submitted to this court for decision. They further stipulate that if our decision, as to whether an injunction will lie, shall be in favor of the complainant, the injunction asked for in the bill shall be made perpetual; otherwise the order of the court below refusing the same shall be affirmed, and the bill dismissed. The only error assigned is the refusal of the court below to grant the injunction.

Here is a manifest attempt to obtain the opinion of the court as to the propriety of a mere interlocutory order, while the cause is still pending in the Circuit Court. We know of no rule of practice which will justify our taking jurisdiction of the case under such circumstances. The Constitution and statutes have vested this court with appellate jurisdiction only, and that jurisdiction cannot be exercised so long as the cause is pending in, and under the control of the court below. Furthermore, the statute has, in express terms, limited the jurisdiction of the Appellate Courts to appeals and writs of error from final judgments, orders and decrees of the courts appealed from, and until a final judgment or decree has been rendered by the court below, the record cannot be reviewed here.

It may be claimed that the present proceeding is justified by the provisions of the seventy-fourth and seventy-fifth sections of the Practice Act. The seventy-fourth section provides that the parties in any suit at law or in chancery, in any circuit court, may make an agreed case containing the points of law at issue between them, and file the same in such court; and that such agreed case, *with the decision thereon*, may be certified to the Appellate Court, without certifying any fuller record in the case; and that the cause shall, thereupon, be proceeded with in the same manner as if a full record had been certified. The seventy-fifth section provides that the judge of the circuit court may, with the consent of the parties litigant, certify any questions of law arising in any case tried and *finally determined* before him, to the Appellate Court, *together with his decision thereon;* or the parties may agree as to the questions or points of law arising in the case, and the same may be certified by the counsel of the respective parties, and such certificate being made, the same shall be filed in the court *rendering the decision*, and a copy thereof, certified by the clerk of such court, *with the decision thereon and final decision in the case*, to the Appellate Court, and filed therein; and that upon filing the same in the Appellate Court, the same proceedings may be had as if a full and complete record had been certified.   Laws of 1877, page 150.

It is plain that neither of these sections warrant the certification to the Appellate Court of any question arising in any cause pending in the circuit court until after final judgment has been entered in the circuit court.   Such was the interpretation placed by the Supreme Court upon the corresponding sections of the Revised Statutes of 1845. Crull et al. v. Keener et al., 17 Ill. 246; Plumleigh v. White, 4 Gilm. 387.   On comparing said sections of the Revised Statutes of 1845 with those now in force, it will be observed that the phraseology of the former is much more ambiguous in this respect than is that of the latter.   The present statute is too plain to require construction.

In this case, the order of the court below denying the injunction was entered October 20, 1877, while the stipulation which

is sought to be made the basis of our jurisdiction was not filed until December 15, 1879. It is manifest, then, that the case made by the stipulation was never presented to or passed upon by the Circuit Court. An attempt is made to submit it to this court in the first instance, and thus impose upon us the exercise of an original jurisdiction. It would have been, so far as we can see, just as appropriate to file the bill in this court originally, without resort to the Circuit Court at all.

We are aware it is held, where a bill is filed for an injunction, and for that alone, that an order disposing of the injunction disposes of the case, so that an appeal will lie, Prout v. Lomer et al. 79 Ill. 331; Titus v. Mabee et al. 25 Ill. 257. The present case, however, does not come within that rule, because, first, the bill prays for relief beyond the mere granting of an injunction, viz: a decree ordering the removal of the bodies already buried, and the removal of the placard at the entrance of the proposed cemetery, besides the general prayer for relief; and, second, the refusal of the motion for an injunction *pendente lite* based upon the bill, answer and affidavits, is not necessarily a final disposition of the injunction. The court, notwithstanding the denial of such motion, might have ordered an injunction in its final decree, after having heard the case upon the pleadings and proofs.

As we are without jurisdiction, the suit will be dismissed from this court at the costs of the plaintiff in error.

Suit dismissed.