# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS.

---

### FIRST DISTRICT—OCTOBER TERM, 1888.

---

## THE NATIONAL PARK BANK OF NEW YORK

### v.

## FERDINAND E. HALLE ET AL.

*Trusts—Conveyance of Personal Property to Secure Notes—Equity—Jurisdiction—Pleading.*

1. A conveyance of personal property in trust to secure notes of the grantor is valid.

2. Where a debtor conveys personal property in trust to secure an indebtedness due from him, and the trustee fails or refuses to apply the property so conveyed for the purposes of the trust, a bill lies to compel such application.

3. Where an inconsistency appears between an averment of a bill and a written instrument attached thereto as an exhibit, the latter will prevail, and a demurrer does not admit the truth of the averment.

[Opinion filed January 16, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Appellant filed its bill in equity, alleging the following facts: In the summer of 1887, Ferdinand E. Halle made two promissory notes, payable to the order of Isidor Cohnfield,

for the accommodation of the latter. One of the notes was for the sum of $3,856.17, dated July 22, 1887, and payable to Cohnfield's order four months after date, at 83 Green street, in the city of New York; the other was for $4,378.59, dated July 29, 1887, and payable to Cohnfield's order four months after date, at the same place. The payee then and there indorsed the notes and appellant discounted them, paying to Cohnfield in money the face of the paper, less interest. Halle made another note for $5,385.47, dated August 1, 1887, payable four months after its date, to the order of Cohnfield, also for his accommodation, which was indorsed, sold and transferred to John Munroe & Company before maturity, and all three of said notes remain unpaid, and Halle and Cohnfield now owe complainant $8,234.76. Prior to October 27, 1887, Cohnfield, by his agent, executed a written instrument by which there was transferred to Halle certain merchandise and fixtures at 138 and 140 Wabash avenue, Chicago, to secure the payment of said three notes, the purpose of the transfer being recited in the document. The complainant informed Halle that said notes had not been paid, and requested him to hold the security for payment of the notes belonging to complainant, but was informed by Halle that he had sold the merchandise to the defendants Ascher and Barnard; and complainant is informed that the value of such merchandise exceeds the sum due on all three of the notes; that Cohnfield is insolvent, and such pretended sale was merely colorable, and made for the purpose of protecting such merchandise and placing the same beyond the reach of complainant, and thus enabling Halle to control the same or its proceeds for his own benefit. That Halle, Ascher and Barnard have colluded together and hold possession of said merchandise, and conceal the same to prevent its application toward the payment of said notes. The bill prays that an account be taken of the amount due on said notes, and that on final hearing the court may decree the lien of complainant on said merchandise and fixtures, and direct the same to be sold for payment of the notes, etc.

Halle, Ascher, Barnard, Cohnfield and the several members of the firm of John Munroe & Company were made defendants.

Nat. Park Bank of N. Y. v. Halle.

A general demurrer to the bill, filed by Halle, Ascher and Barnard, was sustained by the court and the bill dismissed as to them, which order is the subject of complaint on this appeal.

Messrs. John and Walter Mattocks, for appellant.

Subrogation is asked for in the sense of substitution and is a right to which complainant is entitled, nor should it be controlled by the technical doctrine of subrogation as applied to sureties.    Equity favors the surety by subrogating him to the place of the creditor upon payment or his offer to pay the debt.    Moore v. Topliff, 107 Ill. R. 241.    The complainant, which is the creditor in this case, simply asks for its legal and equitable rights, to wit, a foreclosure for its benefit of the security given to the surety and trustee.    The authorities will support the position claimed by complainant's counsel, even though the prayers for relief conflict, or ask for technical relief, to which the complainant is not entitled.    In such cases it has repeatedly been held in this State that the proper relief may be afforded.    McMillan v. James, 105 Ill. 194, 203; Hubbard v. U. S. Mortgage Co., 14 Ill. App. 40; Allen v. Woodruff, 96 Ill. 18; Lockridge v. Foster, 4 Scam. 569; Walden v. Lewis, 71 Ill. 542 ; Beaver v. Slanker, 94 Ill. 186 ; Holden v. Holden, 24 Ill. App. 106.

" Collateral securities given by a debtor to his surety are considered as a trust for the better security of the creditor's debt, and chancery will see that their intention be fulfilled." 4 Kent's Com., p. 307.

And a suit will lie direct against the trustee in favor of the party entitled to the fund.    Weston v. Barker, 12 Johns. 277; Compton v. Jones, 4 Cow. 13.

In Wright v. Morley, 11 Ves., p. 12, the court says:    " I conceive that as the creditor is entitled to the benefit of all the securities the principal debtor has given to the surety, the surety has full as good an equity to the benefit of all the securities the principal gives to the creditor."

The rule laid down in Story's Equity Jur., 13th Ed., p. 527, is as follows:    " If a surety has a counter bond or security

from the principal, the creditor will be entitled to the benefit of it, and may in equity reach such security to satisfy his debt." Citing Massachusetts, Vermont, New Hampshire and United States court authorities.

This rule is followed in Vail v. Foster, 4 New York, p. 314, and the following cases are cited in support of the doctrine: Moses v. Murgatroyd, 1 Johns. Ch. 129 ; Curtis v. Tyler, 9 Paige, 432 ; Weston v. Baker, 12 Johns. 279, 11 Ves. 12 ; Ten Eyck v. Holmes, 3 Sandf. Ch. 428.

And the identical doctrine had been held in Cumberland v. Codrington, 3 Johns. Ch. 261, citing Nelson v. Blight, 1 Johns. Cases, 205 ; Weston v. Baker, 12 Johns. Rep. 279.

In Alabama the principle contended for is recognized and adopted in Ohio Life v. Ledyard, 8 Ala. 866 ; Saffold v. Wade, 51 Ala. 214; the court distinctly holding in the latter case that the creditor need not exhaust his legal remedies before becoming entitled to the securities.

Field, in his Legal Briefs, lays down the rule as follows:

" A creditor is entitled to the benefit of securities held by a surety. It seems to be now generally recognized as a sound principle, both at law and in equity, that a creditor is entitled to the benefit of everything which a surety has received from the debtor by way of security for the performance of the obligation, and may, upon the maturity of the obligation, compel the application of such security to its satisfaction." Citing Lea v. Hinton, 5 DeG., M. & G. 833 ; Wright v. Morley, 11 Ves. 13 ; Kramer's Appeal, 37 Pa. St. 71 ; Vail v. Foster, 4 N. Y. 312 ; Martin v. Campbell, 29 Barb. 188 ; Pratt v. Adams, 7 Paige, 615; Ten Eyck v. Holmes, 3 Sandf. Ch. 428 ; Field's Legal Briefs, Vol. 4, p. 15, Sec. 23.

Messrs. KRAUS, MAYER & STEIN, for appellees.

An accommodation maker of a note is liable the same as the maker of a note not for accommodation; his liability to a third person taking the note before maturity for value is that of principal and not of surety. Diversy v. Moore, 22 Ill. 330; First National Bank v. Morgan, 6 Hun, 346; Clopper v. Union

Bank of Maryland, 7 Ha. & J. (Md.) 92; Farmers & Mechanics' Bank v. Rathbone, 26 Vt. 19; Willcock v. Windsor, 3 Barn. & Ad. 43; Fentum v. Pocock, 5 Taunt. 192; Yallop v. Ebers, 1 Barn. & Ad. 698; Price v. Edmunds, 10 Barn. & Cres. 578; Harrison v. Courtauld, 3 Barn. & Ad. 36; Strong v. Foster, 17 Com. Bench Rep. (84 Eng. Com. Law Rep.) 201.

GARNETT, P. J.   We must decline to follow the leadings of counsel in their industrious examination into the intricacies of the doctrine of subrogation.   To refute or approve what has been so well said on both sides of that question is wholly unnecessary, as the question of trust raised by appellant lies at the root of the case.   The pleader who prepared the bill, by the allegation therein, undertakes to give the legal effect of the so called bill of sale, and charges that it was made as security to Halle, who was merely a surety so far as Cohnfield was concerned.   But the instrument itself is an exhibit to the bill and made a part thereof, the effect being equivalent to setting it out *in hæc verba* in the bill.

In the statement of the facts, we have given merely the legal effect of the averments, for the purpose of brevity.   The averment in the bill that the property was transferred to Halle, as his security, is not inconsistent with the fact that it was also to be general security for the payment of the notes in the hands of any holder.   The instrument executed by Cohnfield's agent being made a part of the pleading, was equivalent to the insertion of an additional allegation that the security was given generally to insure the payment of the notes.   If any inconsistency should appear between the averment and the writing, the latter must prevail, and a demurrer does not admit the truth of the conflicting averment in such case.   North v. Kizer, 72 Ill. 172; Greig v. Russell, 115 Ill. 484.

The transfer to Halle was made after the execution and discount of the first two notes, and would seem to be embraced within a class of instruments recognized by Sec. 1, Chap. 95, R. S., entitled " Mortgages."   We are not aware of anything which prevents the making of a deed of trust conveying personal property to a trustee to secure notes held by the grant-

or's creditor. Such was, without any question, the transaction presented by the appellant's bill.

The writing relied on in the bill states in unambiguous terms that the property granted shall be held by Halle as security for the payment of the notes in question; and to make it more plain that both grantor and grantee understood it alike, Halle signed and delivered to Cohnfield, at the same time, a receipt (a copy whereof was also made part of the bill of complaint) acknowledging that the bill of sale "was received as security for certain promissory notes," which were therein accurately described. If the same instrument had been executed and delivered to appellant as grantee, we should have no difficulty in describing it as a chattel mortgage. Jones on Chattel Mortgages, Sec. 1. As it was in fact executed and delivered to Halle, we feel quite as little embarrassment in saying it was a conveyance to him in trust to secure the payment of the three notes above described. Smith v. Gillman, 80 Ala. 296. What might be the result if the conveyance had been merely to indemnify Halle, is a different question. See Jones v. Quinnipiack Bank, 29 Conn. 25; Daniel v. Hunt, 77 Ala. 567; Constant v. Matteson, 22 Ill. 546. The construction we have here given to the trust instrument is in keeping with a natural and necessary equity which flows from the relations of the parties, and is a substantial execution of their intentions. Hampton v. Phipps, 108 U. S. 260.

Equity is the proper forum for the enforcement of appellant's lien. In Constant v. Matteson, *supra*, the court said that where a debtor conveys property to a trustee for the payment of his debt he then appropriates it to that specific purpose, and if the trustee fails or refuses to so apply it the court will compel him to do so. The enforcement of the duties of trustees and protection of property impressed with a trust, on application of the *cestui que trust*, is a favored head of equity jurisdiction, and is called into exercise in a great variety of cases.

We perceive no reason why the appellant should be barred of his remedy by foreclosure on the equity side of the court. Gaar v. Hurd, 92 Ill. 315; Cushman v. Hayes, 46 Ill. 153; Jones on Chat. Mort., Sec. 776.

It is unnecessary to comment on any other point raised in argument. The court erred in sustaining the demurrer and dismissing the bill as to Halle, Ascher and Barnard. The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*