## THE NATIONAL PARK BANK OF NEW YORK

### v.

## FERDINAND E. HALLE ET AL.

*Trusts—Conveyance of Personal Property to Secure Notes—Courts of Equity—Jurisdiction.*

1. Where not regulated by statute, courts of chancery in this State are to proceed according to the general usage and practice of courts of equity, and that usage and practice were always a decree, when for money primarily enforceable by attachment; courts of equity added other process, used only if the attachment failed in results.

2. While by Secs. 44 and 47, Chap. 22, R. S. 1872, money decrees are liens upon lands, and may be enforced by execution, former remedies are not taken away.

3. The receipt of money as a trust fund imposes an obligation to account therefor, and it matters not, as to its enforcement, what the trustee has done with the money.

4. In the case presented, this court holds as erroneous the refusal of the trial court to order defendant to pay complainant a sum named, and that the decree for defendant can not stand.

[Opinion filed June 2, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. E. A. OTIS and WALTER MATTOCKS, for plaintiff in error.

Messrs. KRAUS, MAYER & STEIN, for defendant in error Halle.

GARY, J. The only new features in the facts of this case, distinguishing it from what it was shown to have been on the former appeal, 30 Ill. App. 17, are:

First: That it now appears that Ascher and Barnard bought the goods from Halle in good faith, and paid for them before this case was remanded on that appeal. It is not now questioned that on the hearing thereafter the bill was rightly dismissed as to Ascher and Barnard.

Second: That Halle mixed the money received for the goods with his general funds.

The Superior Court entered a decree against him, reciting that he was liable for the amount received, with compound interest, and awarding a sum named to be enforced by execution, but refused to make an order that he pay it, for failure to obey which, an attachment might issue. This refusal is assigned as error by the bank.

Halle assigns as cross-error that the bill ought to have been dismissed as to him also. His argument is that the money, having been mixed with his general funds, no lien attaches thereto for the money in controversy, citing Union Nat. Bk.

v. Goetz, 35 Ill. App. 396.   This may be admitted without affecting his personal obligation to account for the money as a trust fund.   That obligation results from the receipt of a trust fund, and it matters not as to its enforcement what the trustee has done with the money.   Lewin on Trusts, 979; Doolittle v. Jenkins, 55 Ill. 400.

In Taylor v. Turner, 87 Ill. 296, the Supreme Court declined to extend the jurisdiction of a court of equity to the case of a factor, holding proceeds of property sold by him, to which proceeds the holder of a bill of lading, as security for a draft attached, was entitled, though acknowledging it to be a case of trust, apparently on the fear that all cases of bailments would thereby get into chancery.   We need not be oppressed with that fear, as the cases of this class are not as numerous as bailments.   The bank did have a complete remedy at law against Halle upon his notes, which they held, and the decree seems to be for the amount due upon them, but they had no remedy at law for the specific thing for which they asked, and to which they were entitled in equity, that is to say, to the application of the property (or its proceeds) conveyed by Cohnfield to Halle, to secure the payment of those notes to that payment.

Where not regulated by statute, courts of chancery in this State are to proceed according to the general usage and practice of courts of equity.   Sec. 1, Chap. 22, R. S. 1872.

That usage and practice were always a decree, when for money primarily enforceable by attachment.   2 Dan. Chy. 1032.

The courts of equity added other process, used only if the attachment failed in results.   By statute money decrees are liens upon lands, and may be enforced by execution (Secs. 44 and 47, Chap. 22, R. S. 1872), but there is no language taking away former remedies; they remain.   Wightman v. Wightman, 45 Ill. 167, a case often approved since.

The bank was entitled to the order to pay, and the court erred in refusing it.   It was not discretionary with the court to give or refuse the relief to which, by the usage and practice of courts of equity, the bank was entitled.   But the amount

should be the fund, with compound interest, received in trust by Halle; if less, as appears to be the case, then Halle owes the bank upon his notes. Ogden v. Larrabee, 51 Ill. 389, as to compound interest.

The decree is reversed and the case remanded, with directions to enter a decree that Halle pay that amount to the bank.

*Reversed and remanded.*