EMIL STERNBERG

v.

E. A. STRAUSS.

41  147
50  154
50  467

*Licenses—Real Estate Broker— Failure to Procure — Commissions—*
*Suit to Recover—Practice Act, Secs. 74–5.*

1. This court has appellate jurisdiction only, and can not acquire jurisdiction over the records of inferior courts by agreement of parties. A stipulation that the record filed, being in a given case the bill of exceptions and appeal bond only, shall constitute the only record necessary to be filed, can not confer jurisdiction upon this court.

2. A case can not be brought to this court under the Practice Act, Sec. 74, until final judgment thereon has been entered in the court below.

[Opinion filed June 25, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Mr. JOHN M. BEVERLEY, for appellant.

Messrs. WARREN & COX, for appellee.

GARY, J.    The appellant sued to recover commissions as a real estate broker. He had no license but he obtained one some days after his services were rendered. His excuse is that on the first day of May, when he ought to have taken out his license, he went for it; there were about two hundred people there; he waited until four o'clock, P. M.; could not get his license and went off.

Three or four days later he went again; it was just the same and so he thought to himself he would wait. The head man of the license department said to him "you have got plenty of time. If you don't take it out four or five months afterward you have got plenty of time because it covers the whole year." On this state of facts he asks us to decide that the rule laid down in Hustis v. Pickands, 27 Ill. App. 270, does not apply

to him, because of the impediments.in his way of getting his license. What hour he waited from until 4 P. M., is not shown. If in fact it were shown that it had been impossible for him to obtain a license, without any default or neglect on his part, a very serious question might be presented, not now to be considered.

In fact, on this record we can not decide anything, and only say as much as we have to indicate that probably it will not be worth while to bring the case here again. The case is brought here upon the following stipulation:

"It is hereby stipulated and agreed between the parties to this suit, by John M. Beverley, attorney for appellant, and Warren & Cox, attorneys for appellee, that at the January term of the Circuit Court of Cook County, to wit: On the 19th day of January, 1891, a jury was waived, and the above entitled cause was tried before the Hon. R. W. Clifford, one of the judges of the said Circuit Court, and that his honor, after hearing the testimony as shown by the certificate of evidence hereto attached, found the issue for the defendant, to which finding the plaintiff, by his attorney, then and there duly excepted, and that plaintiff's attorney then and there moved the court to set aside the said finding and judgment and grant a new trial, which motion was overruled by the court, and exception by plaintiff's attorney, and that an appeal was prayed and allowed to the Appellate Court of the First District of Illinois.

"It is further stipulated and agreed that the said certificate of evidence shall constitute the bill of exceptions in this cause, and also that the same shall constitute the only record necessary to be filed in said Appellate Court.

"It is further stipulated and agreed that the only question upon which a decision of the said Appellate Court is sought in this case is whether, under the testimony, as shown by said certificate of evidence hereto attached, the appellant is entitled to recover commissions as a real estate broker; his license required under an ordinance of the city of Chicago, for conducting said business, not having been actually issued until after the purchase was consummated, as shown by the said

Am. Live Stock Com. Co. v. Chicago Live Stock Exch.

certificate of evidence, application for license having been made as and in the manner shown by the record.

" It is further stipulated and agreed that the appellant shall file a good and sufficient bond in the penal sum of $150, obtaining the conditions of appeal bond.

> " JOHN M. BEVERLEY,
> "Attorney for appellant.
> "CHAS. A. WARREN,
> " Of attorneys for appellee."

No part of the record below is here except the bill of exceptions and appeal bond. From what is record here, we are not informed that there is any judgment in the Circuit Court in a suit between these parties. We have no jurisdiction to disturb any such judgment if there be any. Moore v. Bolin, 5 Ill. App. 556.

Nor is the case before us certified in compliance with Sec. 74 of the Practice Act. Village of Jefferson v. Bohemian National Cemetery Association, 5 Ill. App. 230; Plumleigh v. White, 4 Gilm. 387.

The appeal must be dismissed, but the result as to the costs is the same as if we had decided the case against the appellant on the merits.

*Appeal dismissed.*