## Sarah D. Myers v. Marshall Field et al.

1. HUSBAND AND WIFE—*Family Expenses.*—Upon a bill to subject a wife's separate property to the payment of a judgment for family expenses, to show that the indebtedness was in fact for a family expense the declaration in the suit in which the judgment was recorded was put

in evidence; it contained counts for goods sold which were therein alleged to be for "expenses of the family;" it also contained the common consolidated count for money lent, money paid, money had and received, interest, work, labor and material, and the further count upon an account stated; these counts contained no reference to "expenses of the family." There was no proof upon which count, or upon what cause of action, the judgment was obtained. *It was held*, that it was consistent with all the record, that the judgment was for money lent to the appellant, after the act of 1874 had removed all the common law disabilities to borrow and bind herself and her property, past, present and future.

2. Appellate Proceedings—*Party Can Not Make a Record for the Court to Act upon.*—The answer of a party to a bill alleged that the judgment to enforce which the bill was filed was recovered upon a debt for "expenses of the family." Upon appeal in the Appellate Court the same party stated in a brief that the indebtedness was for expenses of the family. *It was held*, that the answer was not evidence and that the parties could not directly or indirectly make a record for the Appellate Court to act upon.

**Memorandum.**—Creditor's bill. Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding. Heard in this court at the October term, 1892, and affirmed. Opinion filed February 1, 1893.

The statement of facts is contained in the opinion of the court.

G. W. & J. T. Kretzinger, attorneys for appellant.

Wilson, Moore & McIlvaine, attorneys for appellees.

Opinion of the Court, Gary, P. J.

In August, 1888, the appellees recovered a judgment against the appellant, which remains unsatisfied, execution having been returned "no property found." She has in her possession, either in money or securities, the means with which to pay the judgment, and the court did "therefore order, adjudge and decree that" * * * she * * * "do immediately pay and satisfy the whole amount due upon said judgment," etc.

The object of the appellees is manifestly to get the benefit of the process of attachment. National Park Bank v. Halle, 41 Ill. App. 19, affirmed with names of parties reversed, in 140 Ill. 413.

The ground upon which the decree is attacked is that the judgment was obtained upon a cause of action which was "expenses of the family" under Sec. 15, of the act of 1874, of "Husband and Wife;" that she was the wife of Eugene B. Myers, at, and for a long time before, that act was passed; that by the law in force before that act took effect, her husband was bound to pay all family expenses; and that the property from which the money and securities which she now has were derived, was her separate property before the act of 1874.

The declaration in the cause in which the judgment was obtained, was put in evidence, and while it does contain counts for goods sold, which are therein alleged to be for "expenses of the family," yet it also contains the common consolidated count for money lent, money paid, money had and received, interest, work, labor and material, and the further count upon an account stated; and these counts contain no reference to "expenses of the family," and there is no proof upon which count, or upon what cause of action, the judgment was obtained.

It is consistent with all the record, that the judgment was for money lent to the appellant after the act of 1874 had removed all the common law disabilities to borrow and bind herself and her property, past, present and future.

The answer of the appellant alleges, and the brief of the appellee concedes, that "expenses of the family" was the ground of the judgment, but the answer is no evidence, and the parties can not, directly or indirectly, make a record for us to act upon. Sternberg v. Strauss, 41 Ill. App. 147, and cases collected in 1 Kinney's Illinois Digest, 170 *et seq.;* C. P. & S. W. R. R. v. Trustees, 104 Ill. 91.

Any discussion of questions not before us would be useless and the decree is affirmed.