### Sanitary Can Company, Appellant, v. Lewis M. Hines, Appellee.

### Gen. No. 5,126.

1. PLEADING—*effect of failure to complete issues.* By submitting a cause to the court for trial and by waiving a jury, the parties submit the same to be tried by the court on the pleadings in the cause and the trial by consent cures the defect of issues not being formed upon the pleas.

2. CONSIGNOR AND CONSIGNEE—*what constitutes delivery.* The delivery of the bill of lading or shipping contract executed by a transportation company alone operates as a symbolic delivery of the merchandise in transit to the party receiving the delivery of such bill of lading or shipping receipt.

3. BILLS OF LADING—*when proof of execution not essential.* Held, that it was not essential in this case to prove the signature of the transportation company's agent issuing the bill of lading or that the person signing it was the agent of such transportation company.

4. REPLEVIN—*when demand not essential.* No demand is necessary to the maintenance of a replevin action if the possession of the defendant was initially unlawful.

Replevin. Appeal from the County Court of Peoria county; the Hon. W. I. SLEMMONS, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed March 24, 1909.

FRANCIS H. TICHENOR, for appellant.

COVEY & COVEY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

October 30, 1907, Charles T. Howe & Company of

New York, shipped to Peoria, Illinois, fifty cases of canned pineapple, consigned to their own order with the endorsement on bill of lading, "Notify Jobst Bethard Co." November 4, 1907, the consignors sold these goods to the Sanitary Can Company, appellant, and endorsed and delivered to the latter a bill of lading therefor, issued at the time of shipment, also a writing which was attached to the bill of lading. Prior thereto, appellant had sold and delivered to Howe & Co. two carloads of empty tin cans for which payment had not been made. The goods shipped by Howe & Co. reached Peoria and were levied upon by the sheriff as the goods of Howe & Co. to satisfy an alleged claim of Jobst Bethard & Co. November 29, 1907, appellant replevied the goods. The declaration alleged that the goods were seized by the sheriff on a writ of attachment in favor of Jobst Bethard Company, and that they were the goods of the plaintiff and were not seized by the defendant by virtue of any attachment or other writ directed against the plaintiff. Appellee filed the pleas of *non cepit, non detinet,* property in himself, property in Charles T. Howe & Co. and a plea that the property was in Charles T. Howe & Co. and not in the plaintiff, and that he took the same by virtue of a writ of attachment sued out by Jobst Bethard & Co. against Chas. T. Howe & Co. The third, fourth and fifth pleas concluded with a verification. No replications were filed. A jury was waived and a trial had before the court. The issues were found for appellee, an order for the return of the goods made, and judgment for costs of suit rendered against the Sanitary Can Co. and the company appealed.

By submitting the case to the court for trial, and waiving a jury, the parties submitted it to be tried by the court, on the pleadings in the case, and the trial by consent cured the defect of issues not being formed upon these pleas. Kelsey v. Lamb, 21 Ill. 558;

Hewetson v. City of Chicago, 172 Ill. 112; Supreme
Court of Honor v. Barker, 96 Ill. App. 490.

Appellant's proof showed that some sixty days be-
fore the shipment of the goods involved in these pro-
ceedings, appellant had sold and delivered to Charles
T. Howe & Co. two carloads of empty cans which had
not been paid for, and that Chas. T. Howe & Co.
shipped the fifty cases of pineapple to their order at
Peoria and delivered the same to appellant and en-
dorsed and delivered to them the bill of lading issued
by the transportation company together with an as-
signment thereto attached, and that this was intended
to apply on the indebtedness for the two carloads of
cans. The delivery of the bill of lading or shipping
contract executed by the transportation company,
alone, operated as a symbolic delivery of the fifty cases
of pineapple to appellant. Michigan Central R. R. Co.
v. Phillips, 60 Ill. 190; Taylor v. Turner, 87 *id.* 296;
Lewis v. Springville Banking Co., 166 *id.* 311. In the
Taylor case, it was held that the shipper, being the
owner of the property (sheep), and no opposing inter-
est or claim arising on the part of the carrier, con-
signee or prior endorsee of the bill of lading, no en-
dorsement of the bill of lading to the interpleader was
necessary to transfer title to it, and it was further held
in the Taylor case, on the authority of Allen v. Will-
iams, 12 Pick. 297, and First National Bank v. Dear-
born, 115 Mass. 219, that even a sale or pledge of prop-
erty without a formal bill of lading by the shipper,
would operate as a good assignment of the property,
and a delivery of an informal, unendorsed bill of
lading or other documentary evidence of the shippers
would be a good symbolical delivery, so as to vest the
property in the plaintiff. It cannot be doubted that the
endorsement and delivery of the bill of lading made a
*prima facie* case for appellant and as appellee offered
no evidence in rebuttal thereof, the judgment should
have been in appellant's favor.

To overcome this apparent necessary result of ap-

pellant's proof, appellee replies that the court below sustained an objection to the bill of lading and that it was not admitted in evidence and that while the assignments of error question the correctness of the ruling of the court in sustaining objections to the testimony, yet as appellant's counsel did not argue such objection in his original brief, he is barred from discussing it in his reply brief, and that as the bill of lading is not in evidence, the proof did not make a *prima facie* case for appellant.  The record shows that appellant took, offered and read in evidence, the deposition of Charles T. Howe and that he identified the bill of lading and assignment which were attached thereto, as exhibits, to such deposition.  And said deposition and exhibits were read in evidence without objection.  Afterwards, plaintiff offered these documents separately and an objection was made to the introduction of the bill of lading on the ground that it was incompetent, immaterial, and that no proper foundation had been laid for its introduction, and no proof of its execution by the common carrier.  This objection was sustained and plaintiff excepted.  The condition of the record then, is this:  The bill of lading had once been offered with the deposition, and read in evidence in connection therewith, but an objection was sustained to it when offered separately.  With a record in this state in a cause tried by the court without a jury, we do not think appellant's counsel should be precluded from discussing, in his reply brief, the action of the court in sustaining the objections to the bill of lading when offered in evidence the second time.

Appellee urges that the court ruled correctly in sustaining the objection to the admission of the bill of lading in evidence because its execution by the transportation company was not proven, and because the proper foundation was not laid, and because no sufficient consideration for the purchase had been shown. The deposition of Charles T. Howe states fully the transaction between the firm of Charles T. Howe & Co.

and appellant. He testified that Charles T. Howe &
Co. shipped the fifty cases of pineapple to their own
order at Peoria by the Delaware, Lackawanna & West-
ern Railroad Company, and that they had received a
bill of lading from the company when they made the
shipment. He identified the bill of lading offered in
evidence as the one they received from the transporta-
tion company when they made the assignment, and tes-
tified to the sale of the goods and the endorsement of
the bill of lading to appellant and that he wrote the en-
dorsement on the back thereof. This clearly estab-
lishes that the bill of lading was issued by the trans-
portation company to Charles T. Howe & Co. for these
goods, and it was not necessary to prove the signature
of the transportation company's agent issuing the bill
of lading, or that the person signing it was the agent
of the transportation company. The transportation
company received the fifty cases of pineapple for ship-
ment, and issued the bill of lading, and it is immaterial
how it was signed.

Appellee also urges that the amount due from Howe
& Co. for the two cars of cans is not stated and it may
not have been as much as the value of the fifty cases
of pineapple. The testimony of both Howe and Bogle,
appellant's president, is that this shipment of pine-
apple was sold to appellant to apply upon that indebt-
edness. This signifies that it did not equal the indebt-
edness. The court therefore erred in sustaining the
objection to the bill of lading.

It is said that the other paper or writing termed an
assignment given by Howe & Co. to appellant at the
same time as the bill of lading, has some effect upon
it as a transfer of the title to the goods. It is alleged,
in appellee's brief, that Howe & Co. had given Jobst
Bethard & Co. a bill of lading of these goods, and
had sold them to Jobst Bethard Co. and that the inten-
tion of that assignment was only to transfer to appel-
lant the account of Howe & Co. against Jobst Bethard
Co. The answer to this is that there is no proof in

the record that these goods had been sold or a bill of lading delivered by Howe & Co. to Jobst Bethard & Co. Whether, then, the execution of the assignment would qualify the effect of the delivery of the bill of lading to appellant, if proof had been made of the facts alleged in appellee's argument, cannot now be determined. As it now stands, the assignment is practically unexplained.

Appellee argues that appellant did not prove that a demand for the goods had been made on appellee before suit was brought, and for that reason the judgment is right. Appellee did offer in evidence the attachment writ issued at the suit of Jobst Bethard Co. against Charles T. Howe & Co. and an endorsement of a levy on these goods as the property of Charles T. Howe & Co. But this was five days after the bill of lading had been transferred to appellant. When appellee as sheriff seized these goods, he had no means of knowing that they were the goods of Charles T. Howe & Co. and he wrongfully seized them, under the facts as they appear in this record. Appellee being wrongfully in possession, no demand upon him for their return was necessary. Clark v. Lewis, 35 Ill. 417; Tuttle v. Robinson, 78 Ill. 332.

The court below should not have sustained the objection to the bill of lading when offered the second time, except on the ground that it had already been admitted, and should have rendered judgment for appellant on the proofs offered in the record.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*