Mary W. Anderson, Appellee, v. Wesley D. Patty et al., Appellants.

Gen. No. 5555.

1. ASSUMPSIT—*when lies to recover legacy.* An action of assumpsit lies as against an executor to recover a legacy where the debts of the estate have been settled, the final account approved and the legacy ordered paid—there being sufficient funds in the hands of the executor to pay the same.

2. ASSUMPSIT—*when propriety of action cannot be questioned.* In failing to stand by a demurrer overruled and pleading the general

issue and going to trial and failing to move in arrest of judgment the propriety of the maintenance of the action of assumpsit cannot be urged.

3. ASSUMPSIT—*when lies.* Wherever money has been directed by an order of court to be paid by an officer of the court to a party, the officer becomes a trustee for the party to whom it is ordered to be paid and the money is no longer in the custody of the law, and the person to whom it is ordered paid can recover it in an action for money had and received and his creditors can maintain garnishment against such trustee holding the money.

4. PLEADING—*effect of failure to file similiter.* It is not error to proceed to trial without a similiter added to pleadings concluding to the country.

5. PLEADING—*effect of setting out instrument in haec verba.* Where an instrument is set out in *haec verba* in a pleading the facts stated in the instrument are thereby sufficiently alleged as a part of the plea.

6. ADMINISTRATION OF ESTATES—*when County Court has jurisdiction to set aside order after term.* After the lapse of the term of entry the County Court has jurisdiction to set aside an order for fraud, accident or mistake.

7. APPEALS AND ERRORS—*effect where trial is de novo.* If upon an appeal the trial is *de novo* the effect of the appeal is to vacate the judgment appealed from.

Assumpsit. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

FRED W. POTTER, for appellants.

ANDERSON & ANDREWS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellants in *assumpsit* to recover $500. After various rulings on special pleadings the cause was tried without a jury and the court assessed appellee's damages at $511.51 and appellants entered a motion for a new trial. Thereafter appellee conceived that the court had erred in her favor in rulings upon the pleadings and she confessed the motion for a new trial and thereafter certain rulings upon the plead-

ings were rescinded. Those rulings need not be stated here. Thereafter there was further special pleading and a trial by the court, and there was a finding and a judgment for appellee for $512.10, which was the $500 sued for and interest. Defendants below appeal.

The declaration alleged that William P. Williams, deceased, executed a last will in his lifetime which will was admitted to probate in the County Court of Marshall county in May, 1907, and that appellants were by said court appointed executors of said will and entered upon the discharge of their duties; that by said will it was provided that if appellee should elect to receive, out of the estate of said deceased, the sum of $500, she should be entitled thereto; that such proceedings were had in said County Court that all debts, expenses and other legacies except that to appellee, were paid before March 1, 1909, leaving in said estate assets of more than $20,000; that on December 19, 1910, appellee filed in said court her election in writing to receive said legacy of $500 and said County Court thereupon entered an order upon appellants to pay the same in accordance with the will and with said election, by virtue whereof appellee became entitled to receive said $500 from the appellants, yet though often requested to pay the same, appellants have refused and wholly neglect to do so, to the damage of appellee of $600, wherefore she brings her suit.

It is contended that an action of *assumpsit* will not lie to recover a legacy. We doubt if appellants are in a position to raise the question. They did not abide by their demurrer to the declaration, but filed pleas in bar, including the general issue, joining issue thereon. A plea in bar is generally an admission by the defendant that the declaration states a cause of action. Appellants did not move in arrest of judgment. As appellants had the money with which to pay this legacy and were ordered to pay it and did not abide by their demurrer to the declaration charging them personally, we are of opinion they cannot now raise the question

that *assumpsit* will not lie to recover a legacy. But we are disposed to hold that this action can be maintained. This is not merely an action to recover a legacy. The final report had been approved; all other debts and legacies had been paid; the amount of this legacy was but $500 and there were $20,000 of assets available to pay it. The County Court having jurisdiction of the estate ordered it paid, and it then became the duty of the executors to pay it. They then had in their hands money which from the entry of that order belonged to appellee. By a long line of decisions in this State of which Wilson v. Turner, 164 Ill. 398; First National Bank v. Gatton, 172 Ill. 625, and Donovan v. Purtell, 216 Ill. 629, are examples, it is held that *assumpsit* is an equitable action in which plaintiff can recover from defendant so much money as he can show defendant in equity and good conscience ought not to retain, and that in such case the law implies a promise to pay, notwithstanding there was no privity between the parties. Wherever money has been directed by an order of court to be paid by an officer of the court to a party, the officer becomes a trustee for the party to whom it is ordered to be paid, and the money is no longer in the custody of the law, and the person to whom it is ordered paid can recover it in an action for money had and received and his creditors can maintain garnishment against such trustee holding the money. Weaver v. Davis, 47 Ill. 235; Commerce Vault Co. v. Barrett, 222 Ill. 169. In O'Connell v. McClenathan, 248 Ill. 350, holding invalid an act authorizing the garnishment of administrators and executors at any time after letters are issued and before an order of distribution, it was stated, on page 354 as the previous holding of the courts, that an executor or administrator may be summoned by garnishment process after an order of distribution has been made. The garnishment in such case would be a suit at law in the name of the distributee for the use of

his creditor against the administrator or executor. If that suit at law may be maintained in the name of the heir at law against the administrator or executor after an order of distribution, we fail to see how such a case is to be distinguished from this suit by the legatee against the executors after an order by the court upon them to pay the legacy. It is said in 2 Woerner's Am. Law of Administration, Sec. 569, that the order of the Probate Court for the payment of legacies takes the place of the executor's assent, which (*idem*, Sec. 453,) was essential to authorize a suit against the executor at common law, and that thereafter the liability of the executor becomes a personal one. Section 119 of the Administration Act, R. S. Chap. 3, gives a legatee an action of account against an executor, and section 115 gives a legatee an action on the executor's bond. An action on the bond is an action at law and is maintainable because there is a legal liability to pay. It is not brought against the executor as such, but against him personally. If he is under a legal liability to the legatee which will authorize that action at law against him personally, we see no reason why he may not also be sued personally by the legatee in an action in *assumpsit*. We are of opinion that the legatee ought not to be compelled to take the risk involved in attaching the body of the administrator under section 114.

Appellants argue that issue was not joined on their pleas of payment and of partial payment. Appellee filed special replications traversing said pleas and concluding to the country. Appellants contend that there was no replication to their plea of *nul tiel* record and therefore that their said plea stands confessed and thereby recovery by appellee was barred. Said plea of *nul tiel* record concludes to the country. It is held in Hazen v. Pierson, 83 Ill. 241; Nieman v. Wintkler, 85 Ill. 468; Hefling v. Van Zandt, 162 Ill. 162; Highley v. Metzger, 186 Ill. 253; Raymer v. Modern Brotherhood, 157 Ill. App. 510, and in earlier cases there cited,

that it is not error to proceed to trial without a si-militer added to pleadings concluding to the country, and it is thus impliedly held that the lack of a si-militer does not confess the prior pleading. But if more than a mere similiter had been required, though the earlier cases hold that a special plea not replied to is confessed, the later doctrine is that where a special rejoinder is required by the frame of the pleadings, and it is not filed, and the party filing the previous plead-ing does not take a rule upon his adversary to rejoin or pray judgment for want thereof, but the parties go to trial without such rejoinder, a written issue is waived and the parties go to trial as upon an oral pleading, and the irregularity is cured by verdict. Brazzle v. Usher, Breese, 14; Graham v. Dixon, 3 Scam. 115; Kelsey v. Lyon, 21 Ill. 558; Hewittson v. City of Chicago, 172 Ill. 112; Supreme Court of Honor v. Bar-ker, 96 Ill. App. 490; Cook v. City of Marseilles, 139 Ill. App. 536; First National Bank v. Miller, 139 Ill. App. 608; Sanitary Can Co. v. Hones, 149 Ill. App. 244.

Appellant filed a plea *puis darrein* continuance, which set out a certain notice to appellee of an appli-cation to be made to the County Court of Marshall county on June 17, 1911, and service of such notice and a hearing in said County Court on June 16, 1911, and an order of said court setting aside and annulling the entire order of said court previously entered, which included the order to pay appellee said legacy, and that said order was still in full force, not appealed from and not reversed, and said plea prayed judg-ment if appellee ought further to maintain her action except as to a certain sum of money. After demurrer to said plea overruled appellee filed three replications thereto and appellants demurred to said replications and the court sustained the demurrer to the first repli-cation and overruled it to the second and third, and appellants elected to abide by their demurrer to the

second and third replications. Appellee by cross error questioned the action of the court in sustaining the demurrer to said first replication and appellants assert error in overruling the demurrer to the second and third replications.

The special plea had alleged notice of said subsequent proceedings in said County Court, served upon N. F. Anderson of the firm of Anderson and Andrews, attorneys for appellee. The first replication was that N. F. Anderson was not and is not attorney for appellee about the matters and things stated in said plea, but that James H. Andrews was and is her attorney in said matters. The special plea set out in full the order entered in the County Court at said later date, and it showed appellee appearing by E. D. Richmond, her attorney, and therefore showed that the court apparently had jurisdiction of the person of appellee, and the replication did not deny that appellee appeared there by her attorney, E. D. Richmond. Appellee contends that the special plea should have specially averred that she appeared by E. D. Richmond, her attorney, and that without such averment, the plea did not charge that she so appeared. The rule is that where as here, an instrument is set out in *haec verba* in a pleading, the facts stated in the instrument are thereby sufficiently alleged as a part of the plea. North v. Kizer, 72 Ill. 172; National Park Bank v. Halle, 30 Ill. App. 17; 4 Ency. Pl. & Pr., 918-920. Therefore this replication did not sufficiently deny the allegations of the plea which charged jurisdiction of the person of appellee, and the demurrer to it was. properly sustained.

The second replication to said special plea alleged that the County Court at the time of said proceedings in June, 1911, did not have jurisdiction of said matter in this "that no written motion, petition, bill, information, suggestion or any other written matter was presented to the County Court of Marshall county at any

time, claiming fraud, accident, mistake or any other matter or thing within the equitable conscience of said court relative to'' said previous order, wherefore said order set out in said special plea is null and void and the entire proceeding *coram non judice.* The proceeding in June, 1911, was several terms after the order approving the final report and directing the payment of this legacy. There was no pleading or claim that the administration had been closed in the County Court, and that court had jurisdiction to set aside any previous order upon a proper showing of fraud, accident or mistake. It will be observed that the replication does not charge that no claim of fraud, accident or mistake was made to the Probate Court or that it did not have before it any showing to that effect, but only that no written pleading or motion was filed which asserted fraud, accident or mistake. Under this replication the County Court had jurisdiction of the parties and had authority to set aside the previous order if fraud, accident or mistake therein was properly pleaded and proved. County courts have general jurisdiction in probate matters and their proceedings cannot be collaterally attacked. Schlink v. Maxton, 153 Ill. 447; Field v. Peeples, 180 Ill. 376; Bradley v. Drone, 187 Ill. 175. We are not called upon to decide whether upon a direct appeal this later order would be reversed because there was no written motion or pleading charging fraud, accident or mistake, but we are of opinion that that irregularity, if it was such, will not defeat the order when collaterally drawn in question. We are of the opinion that the court erred in overruling the demurrer to the second replication.

The third replication was to the effect that after the rendition of said later order, she appealed therefrom to the Circuit Court of said county and filed an appeal bond in apt time and in proper form and with sufficient securities, which appeal bond was approved by said County Court, whereby said later order was an-

nulled. Appellants contend that an appeal does not vacate or annul the judgment appealed from, but only suspends its execution, while leaving it meanwhile standing as an adjudication between the parties if the matter thereof arises in any other litigation. It will be observed that this is not the case of an ordinary appeal to the Supreme or Appellate Court, where the only question is whether the order shall be affirmed or reversed but this was an appeal to the Circuit Court where the cause would be tried *de novo*. It is laid down in 2 Cyc., 971-972, that where the appeal will result in the cause being re-tried the judgment is vacated by the appeal, but where the appeal merely requires a review of errors and an affirmance or a reversal, the judgment of the lower court is not vacated. Bank of North America v. Wheeler, 28 Conn. 433, is to the same effect. 2 Woerner's Am. Law of Administration, Sec. 550. We conclude that the demurrer to the third replication was properly overruled. Appellants stood by their demurrer thereto and thus confessed the replication and thereby confessed that the later order of June 1911 had been vacated by the appeal and was no longer operative. The plea *puis darrein* continuance therefore presented no defense to this action and the error in overruling the demurrer to the second replication is therefore immaterial.

Appellants contend that the court erred in sustaining appellee's objection to an instrument which it offered which purported to be the last will of William P. Williams, deceased, to which was attached the certificate of the clerk of the County Court that it had been duly admitted to probate. Appellee contends the latter fact could not be established by the certificate of the clerk, but that the will should have been accompanied by a certified copy of the order of the County Court admitting it to probate. Passing that by, we are unable to find that the will, if it had been admitted, established any defense to this suit. The effect of the

will as to appellee was that it put one-sixth of the estate in the hands of trustees, except $500 which was to be paid to appellee if she would accept it, and the residue of said one-sixth, and the whole of it, if appellee did not accept the $500, was to be placed in the hands of trustees and the income thereof to be paid to her during her life, with a certain disposition thereof to her surviving children or others after her death. The proof shows that long before this controversy arose, one of the trustees told her that he had $500 to pay this legacy to her; that at that time she did not know but she might contest the will and so declined to receive it, and said trustee told her that he would deposit it in a certain bank, and afterwards told her he had deposited $500 in said bank. He did not show her any money or tender her any money, nor did he tell her that he had deposited the money in such a way that she could obtain it, nor did appellants prove that they so deposited it. Afterwards she elected to accept the legacy and filed a written election in the County Court and obtained the order of the County Court for the payment thereof to her. We fail to see that the will, if admitted, would have established any defense, and therefore it was not error to refuse to admit it. Appellee testified that just before the trial one of the executors told her that this $500 was still in the same bank.

The facts alleged in the declaration were proven. No defense was shown. The judgment is therefore affirmed.

*Affirmed.*