# LUCY M. DOOLITTLE *et al.*

*v.*

# JOSHUA C. JENKINS *et al.*

1. VENDOR'S LIEN—*whether it exists, and by whom it may be enforced.* An insolvent judgment debtor conveyed certain land which he owned, to a third person, in consideration that the latter would pay a certain sum in compromising the debts of the former. The grantee accordingly paid the money to a person agreed upon, who undertook to settle the debts of the grantor, but failed to do so. At the time of making the conveyance, the grantor supposed the judgment was paid. After the lien of the judgment had expired the judgment creditor sought to subject the land, in the hands of the grantee, to the satisfaction of his judgment, on the allegation that the grantor held a vendor's lien, by implication of law, and that he, as such creditor, was entitled to be subrogated to the equities of the vendor in respect thereto: *Held,* there was no vendor's lien. The grantor, believing the judgment was satisfied at the time he executed the deed, evidently did not rely upon his lien, and it was, therefore, to be regarded as waived.

2. TRUST—*when it arises—and its execution compelled.* Where a purchaser of land, under an agreement with his vendor, paid the purchase money to a third person to be applied by the latter in the payment of the debts of the vendor, and such third person accepts the money for that purpose, he thereby becomes a trustee, holding the money for the benefit of the creditors for whom it was intended, and a court of equity will, at their instance, compel the execution of the trust.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

The opinion states the case.

Messrs. SACKETT & BEAN, for the appellants.

Messrs. DINSMOOR & STAGER, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This was a bill in chancery, filed for the purpose of subjecting certain real estate to sale, for the satisfaction of a judgment in favor of Joshua and Wilson Jenkins, against Henry and Martin Bush.

Henry Bush was seized in fee of the property described in the bill, and on the fifth of February, 1866, conveyed the premises to Mrs. Doolittle, in consideration that she would pay $1000 in compromising the debts of Henry and Martin Bush, including the judgment of appellees. By mutual agreement, one E. G. Allen received $1500 from Mrs. Doolittle, and undertook to settle the debts of the firm to the extent of $1000. Allen had paid, in satisfaction of the debts, only about $700, and, so far as is shown by the evidence, still has money in his hands, and had never paid anything to appellees.

The lien of the judgment had expired, as seven years had elapsed without enforcing its collection. It further appears, that Henry and Martin Bush are insolvent, and that the sole

402     DOOLITTLE *et al.* v. JENKINS *et al.*     [Sept. T.,

Opinion of the Court.

object, in the conveyance of the property to Mrs. Doolittle, was the security of their creditors, and that Allen was constituted agent for the mutual protection of Mrs. Doolittle and the creditors of Bush.

The court rendered a decree, that Bush had a vendor's lien on the premises to the amount of the judgment; that appellees be subrogated to the rights and equities of Bush; that Mrs. Doolittle pay the judgment and interest, and, in default, that the premises be sold.

There was no vendor's lien, and it was manifest error so to decree. These secret liens ought not to be encouraged. They. are the creatures of courts of equity, arising without bargain, often seriously affecting the rights of creditors and purchasers, and should be restrained by the rules already established. If the vendor did not rely upon his lien, it should be regarded as waived. At the time of the execution of the conveyance, Bush unquestionably supposed that the judgment had been satisfied. He testified positively to that effect. He had trusted Allen to settle the debts, and the inference is irresistible, that he did not rely upon this lien for his security.

What is the position of Allen, with reference to the rights of the parties? The money was paid to him by Mrs. Doolittle to adjust the debts of the firm of Henry and Martin Bush. Upon the supposition that this had been done, Bush conveyed the premises. Allen, in the reception of this money, and in undertaking the settlement of the debts, became a trustee, holding the money for the benefit of the creditors of the firm. It is laid down in a work of very high authority, " if a man gives goods and chattels to another upon trust, to deliver them to a stranger, chancery will oblige him to do it." This fund in the hands of Allen, is a sacred one, and must be applied, to the extent of the value of the property, as agreed upon, for the benefit of the creditors. He has no right to retain any portion of it, but should be compelled to execute the trust reposed in him, and for this purpose he should be made a party to the bill.

If he still retains the money, a decree should be entered against him for the amount of the purchase money remaining in his hands. If he has paid it to Mrs. Doolittle, a decree should be then taken against her.

The decree is reversed and cause remanded, with leave to amend the bill.

*Decree reversed.*