## Joseph Dux et al. v. Carl John Blomstrom.

1. MISTAKES OF LAW—*Money Paid Under, Can Not be Recovered.*— The fact that parties were mistaken as to the law, and that the apparent lien of an assessment was held to be invalid, and was never enforced, does not give a vendor the right to recover from his vendee money withheld from the contract price on account of such assessment in the absence of an agreement covering the subject.

Bill, to enforce a vendor's lien. Appeal from the Superior Court of Cook County; the Hon. Henry V. Freeman, Judge, presiding. Heard in this court at the March term, 1897. Reversed and bill dismissed. Opinion filed April 15, 1897.

Ross & Todd, attorneys for appellants.

Kerr & Barr, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

This was a bill in equity filed by the appellee to enforce a vendor's lien against certain real estate sold and conveyed by the appellee to the appellants.

The contract of purchase and sale between the parties bore date on July 20, 1892, and contained a provision as follows: "It is further mutually agreed by the parties hereto that said parties of the second part (appellants) shall pay one-half of the general taxes levied and assessed upon said premises for the year 1892; all other and prior taxes and assessments to be paid and discharged by said party of the first part" (appellee).

The contract price was $6,800.

Whether it was known and considered as an element that entered into the contract price, by both or by either one of the parties at the time, or before the contract was made, that an assessment against the premises had been levied by the Board of West Chicago Park Commissioners for the improvement of Washington Boulevard, upon which street the premises fronted, was a matter of considerable dispute between the parties in testifying, but it is certain that when the abstract of title was furnished it was made to appear that there existed such an unpaid assessment, amounting to about $2,800.

The bill alleged that such assessment and improvement were not in contemplation of the parties at the time of making the contract. However that may be, it was alleged by the bill, and is not materially denied, that when the abstract had been examined the appellants demanded that appellee

should pay such assessment, as, by the terms of his contract, he was bound to do, and that appellee, believing the assessment to be a valid charge against the premises, agreed to allow a part of it, to the amount of $2,083, to be retained by appellants out of said contract price, and a due conveyance of the premises was then made by warranty deed, dated, acknowledged and recorded July 29, 1892, subject to said assessment, which was to be paid by the grantees, the appellants.

The bill further alleged that in June, 1895, the said Park Board set aside the assessment with reference to said premises, and that the said assessment thereby ceased to be a lien against the premises, and that the retention by appellants of said $2,083, under the circumstances, amounted to a payment of that amount by appellee to appellants upon a mistake of fact with regard to said assessment, and that appellee is entitled to have the same paid back to him; that the $2,083 so allowed constitutes a part of the purchase money which has not been paid to the appellee, and that he is entitled to a vendor's lien upon the premises therefor.

There is no dispute but that the assessment in question had been levied and confirmed before the abstract of title was furnished by appellee for examination, nor but that the judgment of confirmation thereof was reversed by the Supreme Court, and that in June, 1895, its further collection was abandoned, and thereby the premises were relieved from the lien of the assessment.

The appellants insist that the matter of boulevarding the street and the assessment therefor was talked of and considered by the parties at the time the contract was made, and that appellee represented he had paid the assessment, and that such matters constituted inducements to them to buy the property.

We understand the appellee to deny in his testimony that any such elements entered into the contract. But it plainly appears that he did, by his contract, as executed, agree to sell and convey the premises free from all such assessments, and that afterward when the abstract of title had been

examined and such assessment was shown to have been confirmed, the appellants refused to close up the contract unless he discharged the assessment or adjusted it, and that thereupon appellee agreed to allow three-quarters of the amount of the assessment to be taken out of the contract price, and to make the deed subject to the assessment.

The warranty deed then given by the appellee to the appellants recited : " This deed is given subject to all taxes and assessments levied, charged or assessed upon said premises after the year 1891, and subject to all assessments for improvements not yet made, the payment of all such taxes and assessments being assumed by the grantees herein as part of the consideration of this deed."

When the deed was made there was no mistake of fact concerning the assessment. It had been confirmed by the court and was an apparently valid lien against the premises, and its amount was known to all parties.

We do not apprehend that the fact that the parties were mistaken as to the law, and that two or three years later the assessment was held to be invalid, could give appellee a right to the relief he asked.

The fact that the apparent lien of the assessment was never enforced, and became incapable of enforcement, did not give the appellee a right to obtain back from appellants the money withheld from the contract price in the absence of any agreement covering the subject.

Supposing that, instead of it having been an assessment lien, it had been the lien of an ordinary judgment for which the appellee was not personally liable. Would it be contended in such case, and with no agreement concerning it, that if the judgment lien should not be enforced and should subsequently become barred by the statute, or if the grantees in the deed should compromise and settle the judgment for less than its face, the grantees would become liable to the grantor for all they had been benefited by such a barring or compromise over what had been deducted from the price of the land ?

Here the appellee was not personally liable for the assess-

ment, and it could make no difference to him whether appellants paid it or not. He conveyed the land absolutely to the appellants, subject to the assessment, giving to them in effect an agreed part of the amount of the assessment because of it. They did not agree with him to pay the assessment. Even if the clause in the deed reciting that the conveyance was made subject to the assessment, and that appellants had "assumed" to pay the same as part of the consideration of the conveyance, might be held to obligate appellants, either at law or in equity, to pay the assessment to whoever could claim its payment from appellee, yet as appellee was not, when he owned the property, or at any other time, under any personal obligation, either legally or morally, to pay the assessment to anybody, and never has paid it, he has no standing to claim anything because appellants did not pay it.

If appellants had agreed with appellee, expressly or impliedly, to pay back to him whatever they might save from the assessment, a different question would exist, but there was no such agreement ever made. Nor is there, under the facts, any room to assume that the money was deducted for the express purpose of paying the assessment for appellee, whereby a trust relationship arose. It was simply a deduction of so much money because of the apparent lien upon the land, which appellants were at liberty to discharge or not.

Appellants have paid everything they ever agreed to pay to or for appellee, and we are unable to see from a careful consideration of the evidence and the law applicable to it, any more reason to require appellants to account to appellee in the respect demanded, than for any other profit or advantage they may have made out of the transaction.

The decree of the Superior Court was without justification. The bill ought to have been dismissed for want of equity, and such is the order that will be entered here.

Decree reversed and bill dismissed for want of equity.