CARL J. BLOMSTROM

*v.*

JOSEPH DUX *et al.*

*Opinion filed October 24, 1898.*

1. VENDORS' LIENS—*a vendor's lien is not recognized by our statute.* A vendor's lien is not recognized by our statute, but is a creature of the courts of equity, based upon the implied agreement that the vendor shall hold a lien on the land for unpaid purchase money.

2. SAME—*vendor must rely upon lien to avoid waiver.* Any act manifesting the vendor's intention not to rely upon his "vendor's lien" will operate as a waiver and prevent the lien from attaching.

3. SAME—*taking other security waives vendor's lien.* Taking a trust deed for part of the unpaid purchase money waives the "vendor's lien" for the balance, even though such balance was held out by the vendee, by agreement, to pay a special assessment which was afterwards set aside by the court and the improvement for which it was levied abandoned.

*Dux* v. *Blomstrom,* 70 Ill. App. 62, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. H. V. FREEMAN, Judge, presiding.

This is a bill, filed by appellant against the appellees, alleging the sale of certain lots in the city of Chicago by the appellant to the appellees, Joseph Dux and John Thorsen, and praying for an account as to the amount due the appellant for purchase money, and that the appellant may have a vendor's lien for such purchase money. An answer was filed by appellees, the defendants in the court below, denying that the appellant was entitled to a vendor's lien. Replication was filed to the answer. A hearing was had upon testimony taken in open court before the chancellor, and a decree was rendered finding the allegations of the bill to be true, and that appellant was entitled to have a vendor's lien for $2083.00; and ordering the appellees, Dux and Thorsen,

to pay that amount to the appellant, with interest and costs, within thirty days, and that in default thereof the premises should be sold. The present appellees, who were defendants in the Superior Court of Cook county, and against whom a decree was rendered, as above stated, took an appeal from such decree to the Appellate Court. The Appellate Court reversed the decree of the Superior Court, and dismissed the bill for want of equity. The present appeal is prosecuted from such judgment of the Appellate Court.

KERR & BARR, for appellant.

ROSS & TODD, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

On July 20, 1892, a written contract was entered into between the appellant, as party of the first part, on one side, and the appellees, Joseph Dux and John Thorsen, as parties of the second part, on the other, for the sale of the lots in question by the party of the first part to the parties of the second part for the sum of $6800.00, payable $200.00 in cash at the signing of the contract, $3300.00 upon delivery of a warranty deed, and $3300.00 on or before three years. The contract contained a provision, "that the parties of the second part shall pay one-half of the general taxes for the year 1892; all other and prior taxes and assessments to be paid and discharged by the party of the first part." The party of the first part thereby agreed to furnish an abstract of title with a continuation down to the date of the contract. The property sold consisted of two vacant lots fronting on Washington street, at the corner of West Fifty-second street, in Chicago. At that time there were no curbs, nor any street pavements, except a certain amount of macadam which had been used in making a roadway in Wash-

ington street, and which had been paid for by special assessment levied by the town of Cicero. The evidence shows, that the appellees knew the physical condition of the premises at the time of the purchase. When the abstract was brought down, it revealed that a special assessment had just been made for improving the street as a boulevard. This assessment was confirmed by the circuit court. It is claimed by the appellant, that the assessment and improvement were not in the contemplation of the parties at the making of the contract. The assessment had been levied by the board of West Chicago Park Commissioners on June 28, 1892, and amounted to about $2800.00. The Superior Court found in its decree "that the said assessment and improvement were not in the contemplation of the parties at the time the contract was entered into, and it was, not known by any of the parties that the assessment had been made; that Dux and Thorsen insisted and demanded that appellant should pay and discharge the assessment claim; that it was a lien on the premises; that complainant was compelled under the terms of his contract to pay the same; that complainant, believing that it was a charge on the premises, and that he would be compelled in due course of time to pay the same, or respond in damages in case he should give a warranty deed in accordance with the terms of the contract, agreed to allow the supposed assessment to the amount of $2083.00, and thereupon, on July 29, 1892, the contract of sale was closed up and consummated, and the defendants Dux and Thorsen were permitted to retain, out of the purchase money, $2083.00; and thereupon complainant made a warranty deed conveying the premises in accordance with the contract, but subject to the supposed special assessment which was to be paid by Dux and Thorsen." The deed executed by appellant and his wife to appellees, dated July 29, 1892, contains the following provision: "This deed is given subject to all taxes and assessments levied, charged or

assessed upon said premises after the year 1891, and subject to all assessments for improvements not yet made, the payment of all such taxes and assessments being assumed by the grantees herein as part of the consideration of this deed."

It is claimed on the part of the appellees, and not seriously denied by the appellant, that the assessment in question was brought before the Supreme Court of the State for review, and that the judgment confirming the assessment was reversed by the Supreme Court. The evidence shows conclusively, that in June, 1895, the board of West Chicago Park Commissioners annulled the assessment and abandoned the same, so that the same ceased to be a lien upon the lots, and Dux and Thorsen became relieved from the payment thereof. The theory of the appellant is, and such theory is sustained by the finding of the decree entered by the Superior Court, that the retention by Dux and Thorsen of the $2083.00, under the circumstances amounts to a payment of that amount to them by the appellant under a mistake of fact with regard to the existence of the special assessment; and that appellant is entitled, in equity and good conscience, to have the said sum paid to him, inasmuch as it would have been so paid to him, had not the mistake induced and brought about the new arrangement above set forth. The contention of the appellant is, that said sum of $2083.00 constitutes a part of the purchase money of the lots, and that appellant is entitled to have a vendor's lien for that amount.

The main question of fact in controversy between the parties is, whether the subject of improving Washington street and the assessment therefor were considered by the parties at the time the contract was made, and whether such improvement of the street was one of the inducements to the appellees to buy the property in controversy herein. The testimony is somewhat conflicting upon this question of fact, but inasmuch as the lower

court has found, that the assessment and improvement were not in the contemplation of the parties at the time the contract was entered into, and that it was not known by any of them that the assessment had been made, we would not be disposed to disturb the finding of the decree in this regard. The chancellor heard the testimony of the witnesses, observed their capacity and manner of testifying, and could judge of the credibility of the witnesses, and the weight of their evidence better than an appellate court, which sees only the cold record. Under such circumstances the finding of fact made by the chancellor will not be disturbed, unless it is manifestly against the weight of the evidence. We do not regard the finding in this case as being manifestly against the weight of the evidence. (*Metcalfe* v. *Bradshaw*, 145 Ill. 124; *Burgett* v. *Osborne*, 172 id. 227; *Johnson* v. *Johnson*, 125 id. 510; *Greenwood* v. *Fenn*, 136 id. 146; *Lane* v. *Lesser*, 135 id. 567).

Counsel for appellant insist upon the proposition, that, here, the money was paid under a mistake as to a matter of fact, and, therefore, that he can recover it back. It is undoubtedly the law, that, when money is paid under a mistake of fact, it may be recovered back. "Money paid by one party to the other through a mutual mistake of facts in respect to which both were equally bound to inquire, may be recovered back." (*Wolf* v. *Beaird*, 123 Ill. 585; *McLean County Bank* v. *Mitchell*, 88 id. 52; *Stempel* v. *Thomas*, 89 id. 146).

The present bill is filed to enforce a vendor's lien, and the answer denies that the complainant in the bill is entitled to a vendor's lien. We are of the opinion that, even if the controverted question of fact above stated has been properly decided by the Superior Court in favor of the appellant, and even if the proposition of law as to the payment of the money by mistake is correctly invoked in his behalf, yet the appellant cannot insist upon a vendor's lien, because the facts show that there has been a waiver of such lien, if any in fact existed.

By the original contract in writing of July 20, 1892, the vendor was to pay all assessments. By the deed which was executed on July 29, 1892, by appellant to appellees, the appellees assumed payment of the assessments. It is claimed by appellant, that the appellees kept back $2083.00 of the contract price, and were to pay it to appellant by paying the assessment upon the property, which under the contract the appellant would have been obliged to pay; and that, inasmuch as the judgment confirming the assessment was set aside, or the assessment itself was abandoned by the park board, so as not to be a charge upon the property, and so as to relieve the appellees from the payment thereof, therefore, appellees ought to restore to appellant the sum of $2083.00 which the abandonment of the assessment relieved them from paying.

It is admitted by the appellant, that the lots were sold for the sum of $6800.00. It is also admitted by the appellant that $4717.00 of this amount was paid in the manner hereinafter stated. The remaining $2083.00 of the $6800.00 was, according to the contention of the appellant, to be paid by the assumption of the payment of that amount of the assessment to the park commissioners. The proof shows that the appellees paid in cash $200.00; that, when the deed was delivered, they paid the further sum of $3306.15, or $3317.00; and that they then executed a trust deed upon the lots to secure the sum of $1200.00, the balance of the $4717.00. It thus appears, that there was paid, in cash and upon the delivery of the deed, the sum of $3517.00. If the latter sum be deducted from $6800.00, the total amount of the purchase money, there remains $3283.00 of unpaid purchase money. Part of this unpaid purchase money, to-wit, $1200.00, was secured by a trust deed upon the lots.

A vendor's lien is not recognized by our statute. It is a creature of the courts of equity. It does not grow out of any agreement, but is created in equity without an

express agreement of the parties. It is an implied agreement, existing between the vendor and vendee, that the former shall hold a lien on the land for the payment of purchase money. If the vendor does not rely on the lien, such implied agreement is done away with, and a court of equity will hold that the lien has been waived. A vendor's lien is waived, if the vendor takes other security for the purchase money. It has been held, that any act, manifestly declaring an intention not to rely on the lien, may defeat it, or prevent it from attaching. (*Kirkham* v. *Boston*, 67 Ill. 599; *Mitchell* v. *Shaneberg*, 149 id. 420; *Moshier* v. *Meek*, 80 id. 79; *Conover* v. *Warren*, 1 Gilm. 498; *Doolittle* v. *Jenkins*, 55 Ill. 400; *Cowl* v. *Varnum*, 37 id. 181).

Among the securities, the taking of which will operate as a waiver of a vendor's lien, is a mortgage or trust deed upon the property sold to secure the purchase money. The authorities are uniform to the effect, that a mortgage by the vendee, either on the land conveyed or on other land, is a waiver of the lien. (*Chicago, etc. Land Co.* v. *Peck*, 112 Ill. 408; *Brown* v. *Gilman*, 4 Wheat. 255; 28 Am. & Eng. Ency. of Law, p. 179, and cases cited in note 2).

It is true that, here, the trust deed given by appellees, the vendees, was for only $1200.00, a part of the $3283.00, the amount of the purchase money remaining unpaid according to the contention of the appellant, thus leaving $2083.00 of the purchase money unsecured. The question then arises, whether the taking of a mortgage for a part of the unpaid purchase money operates as a waiver of the lien as to all of the unpaid purchase money. It seems to be settled by the authorities, that the taking of a mortgage as security for a portion of the purchase money waives the lien for the remainder, unless the presumption of waiver is overcome by an express statement to the contrary in the mortgage deed. (*Fish* v. *Howland*, 1 Paige, 20; *Orrick* v. *Durham*, 79 Mo. 174; *Briscoe* v. *Callahan*, 77 id. 134; *Emison* v. *Whittlesey*, 55 id. 254; *Phillips* v. *Saunderson*, 1 Sm. & M. Ch. 462; *Bond* v. *Kent*, 2 Vern. 281;

28 Am. & Eng. Ency. of Law, p. 180, and cases cited in notes). There is no such express statement in the trust deed executed here. ·

Our conclusion, therefore, is that the taking of the trust deed for $1200.00 to secure a part of the unpaid purchase money operated as a waiver of the vendor's lien, independently of the correctness of any of the other positions assumed by the appellant in this case. As the bill is a bill to enforce a vendor's lien, there is no other ground for maintaining the bill. (*Moshier* v. *Meek, supra*).

The judgment of the Appellate Court, reversing the decree of the Superior Court and dismissing the bill, is affirmed.

*Judgment affirmed.*