[No. 13399. Department Two. October 9, 1916.]

F. J. TETZNER, *Respondent*, v. HENRY C. WULF, *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACTS—ASSUMPTION OF MORTGAGE—PAYMENT OF PURCHASE PRICE. Where, upon the sale of lots, the price was fixed at $20,000, and was to be paid by the assumption of local improvement liens, the assumption of mortgages, the conveyance of a lot, and the balance in cash, without any agreement to pay the $20,000 in any event, and there was nothing to indicate that the vendee, in meeting the incumbrances, was acting as agent of his vendor, the vendor cannot recover of the vendee a portion of the mortgage indebtedness which the vendee was not required to pay.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 4, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*William E. Froude* and *Higgins & Hughes*, for appellant.

*James Kiefer*, for respondent.

MAIN, J.—This action arises out of a real estate transaction in which the plaintiff sold to the defendant, Wulf, a certain lot in the city of Seattle. Recovery is sought for

[1]Reported in 160 Pac. 289.

money claimed to be due to the plaintiff. In response to the complaint, the defendant Wulf filed an answer and cross-complaint. In the cross-complaint, he claimed that there had been misrepresentation as to the amount of excavation which had previously been done upon the lot, and sought to recover in damages. The other defendant, Grant Smith & Company, took no part in the trial of the case in the superior court, and is not now interested in the controversy. The trial of the action resulted in a judgment for the plaintiff in the sum of $1,376, and interest, and a denial of the relief prayed for in the cross-complaint. From this judgment, Wulf appeals.

As to the controlling facts, there is no substantial dispute, and they may be stated as follows: On August 14, 1912, the respondent was the owner of a lot in the city of Seattle, located in what is generally known as the Denny Hill regrade district. On this date, through his agent, H. E. Orr Company, a corporation, he contracted in writing to sell the property to the appellant. This contract recites that H. E. Orr Company, as agent of the owner, "has this day sold to the purchaser for the sum of twenty thousand dollars" the lot mentioned. The contract further recites that the purchaser assumes and agrees to pay the incumbrances against the property, which included local improvement assessments and two mortgages. The contract also provided that, in case the amount of any of the local improvements could not be ascertained at the time the transaction was closed, the cost thereof should be estimated, and such amount retained by Wulf out of the purchase price. As a part of the purchase price, Wulf was to convey to the respondent a lot which he then owned, and upon which there was a mortgage of $1,000, as part payment in the sum of $3,000.

One of the mortgages was held by the contractor who had done the excavating upon the lot in connection with the ex-

cavation of the streets in the vicinity. Under the contract as originally made, the contractor was to excavate the street and a one to one slope upon the adjacent property. Thereafter the contract was sought to be modified so that the city would be charged with the excavation of the street and a slope of only three-fourths to one upon the adjacent property, and that the balance should be charged to the owner of the property. The mortgage to the contractor included the wedge shaped excavation between the slope of one to one and three-fourths to one.

After the present transaction had been closed, in *Atwood v. Smith,* 64 Wash. 470, 117 Pac. 393, it was held that the property owner could only be charged upon the basis of a slope of one to one. In this case, the mortgage, having previously been given to Grant Smith, covered the wedge of earth mentioned, and was for an amount which was not properly chargeable to the property owner. This excess amounted to the sum of approximately $1,100.

When the case was called for trial in the superior court, Grant Smith & Company appeared and consented to a credit on the mortgage in the sum mentioned. This was agreed to by all parties, and the action then proceeded to determine whether the vendor or the vendee was entitled to the benefit of the credit.

When the transaction was closed, the amount of the local improvement assessments could not be definitely ascertained, and they were estimated at $4,149.17, the two mortgages were assumed, amounting to $5,974.85, the lot owned by appellant was conveyed to the respondent, and the balance was paid in cash.

The question is whether a vendor who sells property for a price named, which price is to be paid by the vendee by the assumption of local improvement assessments, the amount of which must be estimated, by the assumption of certain mortgages, and by the transfer of other property, and the balance in cash, can recover from the vendee that portion of

the mortgage indebtedness which he was not required to pay.

The vendee cannot be held to respond to the suit of the vendor in such case unless he had agreed to pay the full purchase price of the property in any event, and, in liquidating the liens which were against the property, he was acting as the agent of the vendor in disbursing his funds. This question seems not to have been often before the courts. In two cases in which the question has been considered, it was held that the question was one of agency. In other words, if the vendee, in paying the obligations assumed, acted as the agent of the vendor, then the vendor would be entitled to any deduction. On the other hand, if as between the vendor and vendee, the latter became primarily liable to pay the obligations assumed, and the vendor secondarily liable, any deduction from the incumbrances assumed would inure to the benefit of the vendee. *Miller v. Barler*, 89 Tex. 264, 34 S. W. 601; *Koch v. Roth*, 150 Ill. 212, 37 N. E. 317.

In the case first cited, it was held that, under the facts in that case, there was no relation of principal and agent, and, therefore, the vendee was entitled to the benefit of a reduction from a contract which he assumed as a part of the purchase money, but was not required to pay in full.

In the second case, owing to the particular facts there presented, it was held that the vendees were the agents of the vendor for the purpose of paying certain claims out of the purchase price of the property, and that having compromised the claims for less than their face value, the vendor was entitled to the benefit of such compromise.

In the present case, there was no agreement that appellant should pay $20,000 for the property in any event. The price was fixed at $20,000, and was to be paid, as already stated, by the assumption of local improvement liens, the assumption of mortgages, the conveyance of a lot, and the balance in cash. There is nothing in the contract of sale, or in the evidence, which would indicate that appellant, in meeting the incumbrances, was acting as the agent of his vendor. In

addition to this, it may be noted that the respondent, while upon the witness stand, expressly testified that appellant was not his agent.

Upon the issue raised by the cross-complaint, it need only be stated that, after a careful consideration of the evidence, we are of the opinion that the respondent was not entitled to prevail upon that issue.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action.

MORRIS, C. J., HOLCOMB, PARKER, and BAUSMAN, JJ., concur.