## PARKER–WASHINGTON CO. v. KANSAS CITY, MO., et al.

### No. 8643.

Circuit Court of Appeals, Eighth Circuit.
March 20, 1930.

Byron Spencer, of Kansas City, Mo. (R. E. Ball, of Hermosa Beach, Cal., and H. M. Langworthy, and Frank H. Terrell, both of Kansas City, Mo., on the brief), for appellant.

William F. Woodruff, of Kansas City, Mo. (B. Denny Davis and Spencer A. Gard, both of Kansas City, Mo., on the brief), for appellees.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

The action is in equity to establish and foreclose a vendor's lien for an alleged unpaid part of the purchase price of certain real estate.

Appellant, the Parker-Washington Company, hereinafter referred to as the plaintiff, on and prior to the 18th day of June, 1923, was the owner of certain real estate located

in the city of Kansas City, Mo. On that date it sold this real estate to Harry J. Nicholas, appellee, herein referred to as the defendant.

The contract of sale, in so far as material in this suit, is as follows:

"This contract made and entered into this 18th day of June, 1923, by and between the Parker-Washington Company, a Corporation, the seller, and Harry J. Nicholas, the buyer, witnesseth:

"The seller has sold and agrees to convey as herein provided to said Harry J. Nicholas * * * the following described real estate in Jackson county, Mo., to-wit: * * *

"Said property is sold to the buyer at and for the price and sum of $30,000.00, which sum is to be paid in the following manner, to-wit: $500 in cash at the signing of this contract, the receipt whereof is hereby acknowledged by the seller, which sum is deposited with the Parker-Washington Company of Kansas City, Mo., as a part of the consideration of said sale.

"The purchaser is to take the title of said property subject to the liens of certain tax bills issued to pay for the construction of the Turkey Creek Sewer, and the face amount of said special tax bills unpaid shall be deducted from said purchase price. Making a price net to the Parker-Washington Company of $10,839.28.

"At the time of delivery of deed as herein provided the buyer shall pay to the seller such sum as represents the difference between $5,500 and the face amount of annual installment ($4,790.18) which shall be due on said Turkey Creek Sewer tax bill June 30, 1923, or $709.82. * * *

"For the balance of said purchase price the buyer is to execute four promissory notes secured by deed of trust upon the real estate above described, bearing six per cent per annum interest, payable semi-annually as follows:

"One note $1,209.82, due June 15, 1924; one note $1,209.82, due June 15, 1925; one note $1,209.82, due June 15, 1926; one note $6,000, due June 15, 1927.

"The seller is to pay all state, county and municipal taxes, general and special and all assessments which are a lien on said property that can be paid at the date of this contract, save and except the Turkey Creek Sewer bills above mentioned, which are to be paid by the buyer when due. * * *

"In witness whereof said parties hereunto subscribe their names. Executed in dupli-

cate. (Signed) The Parker-Washington Company by F. P. McCormick, Vice Pres. Harry J. Nicholas."

On July 9, 1923, the plaintiff executed and delivered warranty deeds to defendant Nicholas, and Nicholas paid the cash and executed and delivered the notes and deed of trust in accordance with the written contract.

The warranty deeds contained the following provision: "This conveyance is made subject to any legally created and existing easement of right of way over any portions of said property. Subject also to lease of American Aggregate Company of November 1, 1919, and special tax bills issued for building of Turkey Creek Sewer, and state, school and county taxes for the year 1924."

All deferred payments represented by notes were paid when due.

The Turkey Creek tax bills referred to in the contract were issued and delivered to the contractor who built the sewer, or his assignee, February 23, 1923. There were two tax bills; one, No. 3336, for $6,414.28, and another, No. 3337, for $12,546.44, an aggregate of $19,160.72. These tax bills were payable in four equal annual installments; the first installment being due June 30, 1923. The first installment of the tax bills, due June 30, 1923, was paid by Nicholas July 10, 1923.

In 1924 the city council of the city of Kansas City took steps to construct two large improvement projects, one known as the Goose Neck sewer and the other as the Blue River sewer, each to cost from two and a half million to three million dollars. The cost of the construction of the Turkey Creek sewer improvement was $3,000,000. The plan which the city proposed and which was carried out, first, by amendment to the Constitution of the state on February 26, 1924, and later by a city ordinance approved April 14, 1924, was to issue bonds of the city, the proceeds thereof to be used in payment of the cost of the Goose Neck and Blue River sewer projects, and, evidently to equalize this situation, there was included in the plan the issuance of additional bonds in the sum of $3,000,000, to reimburse owners of real estate for payments and assessments made for the Turkey Creek sewer improvement.

Pursuant to the plan, the city in 1925 paid and thereby released the lien of the three installments of the Turkey Creek sewer tax bills which were not paid by the defendant, and now holds the first installment of $4,790.18, paid by the defendant Nicholas, to await the result of this suit.

No claim is made that either of the parties at the time they entered into the contract of sale, or at the time the deeds were executed, knew, or had any information, that the city was contemplating paying the expense of new sewers proposed and reimbursed and releasing assessments made for the payment of the Turkey Creek sewer.

Plaintiff seeks to recover from the defendant Nicholas, as a part of the purchase price of the real estate sold to him, the sum of $14,370.54, and for an order directing the city to pay to it the first installment of $4,790.18, which had been paid by the defendant Nicholas, and is still in the hands of the city to be paid to the person entitled thereto. The trial court resolved the case in favor of the defendant.

It is the contention of the plaintiff that the purchase price of the real estate, $30,000, has not been paid to it in full; that it was the intention of the parties, as shown by the written contract, and in the light of the parol evidence introduced, that the part of the purchase price in an amount equal to the special tax bills was left in the hands of the vendee, as an agent, to pay the tax bills, and that defendant was and is a constructive trustee for plaintiff in handling the money set aside to pay the special tax bills in question; also that he is entitled to recover by reason of a mistake of fact.

■ The rights and obligations of the parties are fixed and established by the intention of the parties with reference to the payment of the taxes at the time of sale; and the following rule can be fairly deduced from the authorities:

In the absence of fraud or an express or implied agreement to the contrary, a vendee taking title to real estate subject to a valid lien thereon which is not the personal obligation of the vendor, and as a present payment on the purchase price, cannot later, in the event such lien is paid or discharged by a third party, be held for that part of the purchase price represented by the lien which was so paid or discharged. Vorchetto v. Sappenfield (K. C. Appeals, Mo., March 4, 1929) 14 S.W.(2d) 685; Dux v. Blomstrom, 70 Ill. App. 62, affirmed 175 Ill. 435, 51 N. E. 755; James v. Schmidt (City Ct. Brook.) 2 N. Y. S. 649; Allez v. Morales, 111 Misc. Rep. 139, 180 N. Y. S. 915; Cross v. Hayes, 45 N. J. Law, 12, affirmed 45 N. J. Law, 565; Tetzner v. Wulf, 93 Wash. 160, 160 P. 289; Miller v. Barler, 89 Tex. 264, 34 S. W. 601.

■ The contract states that "the purchaser is to take the title subject to the liens of certain tax bills issued to pay for the construction of the Turkey Creek Sewer, and the face amount of said special tax bills unpaid shall be deducted from said purchase price, making the price net to The Parker-Washington Company of $10,839.28."

Words could hardly be found to more clearly express the intention of the parties. The statement in the contract that "the property is sold to the buyer at and for the price and sum of $30,000" is not in conflict with the above provision, but states the value fixed by the parties for which settlement is to be made in accordance with the later terms of the agreement as above set out.

There is a later provision in the contract that "the Turkey Creek Sewer bills above mentioned are to be paid by the buyer when due." Here again we do not have any direct conflict with the above provision that the tax bills are to be deducted from the purchase price, as the contract must be considered in its entirety, and the agreement of the buyer to pay the sewer tax bills when they are due does not conflict with the statement in the contract that they are deducted from the purchase price.

The tax bills were not a personal obligation of the vendor for which it could be called upon to pay in the event they were not paid by the vendee.

The oral evidence introduced by the plaintiff, aside from evidence as to values, and as bearing upon the intention of the parties, is the testimony of the president of the plaintiff company, Mr. McCormick, to the effect that, in a conversation he had with Mr. Nicholas prior to entering into the written contract, the latter agreed that he would pay the tax bills. This is in the written contract.

The vendee did agree to pay the tax liens, but he did not agree to pay them as a debt of, or for and on behalf of, the vendor, or in any other way agree to hold the money in his hands for and on behalf of the vendor, or to pay as his agent.

As there is no claim of fraud or misrepresentation, the actual value of the property at the time of the sale, as well as the actual or constructive increase in value of the property by the improvement for which the special tax was levied, are immaterial, as the parties had equal knowledge regarding those matters.

We agree with the lower court that, on consideration of the contract in its entirety, there is no ambiguity with reference to the intention of the parties as to the method in which settlement was to be made under the

sale contract, and that such settlement has been made by the purchaser as provided by the terms of such written contract.

The agreement is quite different from cases where the purchase money is left with the vendee to pay off an invalid lien under the mutual mistake of its being a valid lien, Lounsbury v. Potter, 37 N. Y. Super. Ct. 57; or under an express or implied agreement that money retained by the vendee was to be paid to the vendor unless used to pay certain liens, Walter v. Johnson, 2 Nev. 354; Boyle v. Rowland, 3 Desaus. (S. C.) 555; or cases where the vendee, as part of the purchase price, promised but did not pay an indebtedness of the vendor, Bray v. Booker, 8 N. D. 347, 79 N. W. 293; Evans v. See, 23 Pa. 88; or where expressly or impliedly a party in paying off incumbrances acted as agent for the vendor, Koch v. Roth, 150 Ill. 212, 37 N. E. 317; Phelps v. Reeder, 39 Ill. 172.

Nor can there be any mistake of fact in this case, as the parties at the time of the making of the contract did not know that the tax bills were to be paid by public funds. To warrant relief for a mistake, it must be a past or present fact material to the contract. There was no mistake here as to any past or present fact. The lien for the special assessment was at the time the contract was entered into a valid and subsisting lien, and as to this there was no mistake.

We are not considering here how the parties might have provided for the payment of tax liens. It could have been done, under agreement of the parties in several ways. Arguments at this time as to what the parties might have done, and then say that they were in fact done, or intended to be done by the parties, are not convincing.

The decree of the lower court is affirmed.