(No. 2100—)

ST. LOUIS COTTON COMPRESS COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*

LEWIS, RICE, TUCKER, ALLEN & CHUBB, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant seeks to recover the sum of One Hundred Seventy-eight Dollars and Sixty-six Cents ($178.66) which it claims to have paid to the State of Illinois as initial fees on increases of capital stock, in excess of the amount it was legally required to pay.

Claimant is a foreign corporation, and upon obtaining authority to do business in Illinois, to-wit, on February 24, 1925, designated the sum of Three Hundred Fifty-five Thousand Eight Hundred Fifteen Dollars ($355,815.00) of its capital stock as estimated to be employed in Illinois. Thereafter claimant increased its capital employed in this State as follows:

$58,020.00 on June 5, 1929; $299,310.00 on May 29, 1930; and $241,290.00 on June 13, 1932.

Claimant was assessed and paid the initial franchise tax on the increase dated June 5, 1929, in the correct amount, to-wit, Twenty-nine Dollars and One Cent ($29.01).

In computing the initial franchise tax on the increase dated May 9, 1930, the respondent erroneously included an initial franchise tax on the increase of June 5, 1929, in the amount of Twenty-nine Dollars and One Cent ($29.01), which amount was paid by claimant.

In computing the initial franchise tax on the increase dated June 13, 1932, the respondent erroneously included an initial franchise tax on the increase made on June 5, 1929, as

well as that made on May 29, 1930, to-wit, the total amount of One Hundred Forty-nine Dollars and Sixty-three Cents ($149.63), which amount was paid by claimant.

The total amount erroneously assessed by the respondent as aforesaid, and paid by the claimant, is One Hundred Seventy-eight Dollars and Sixty-six Cents ($178.66).

There is no dispute as to the facts, and no question but what the claimant was compelled to pay $178.66 in excess of what it was legally required to pay, nor is there any question but what the over-assessments in question resulted from errors on the part of the respondent.

The excess payments made by the claimant having been made as the result of a mistake of fact, the claimant is entitled to an award for the amount of the excess so paid by it. *Blomstrom* vs. *Dux*, 175 Ill. 435-439; *West Frankfort Bank and Trust Co.* vs. *Barretti*, 206 Ill. App. 261; 48 Corpus Juris 759; 21 R. C. L. 164; *Firemen's Insurance Co.* vs. *State*, 2 C. C. R. 220; *Importers' & Exporters' Insurance Co.* vs. *State*, 5 C. C. R. 1; *Moorman Mfg.* vs. *State*, No. 1886 (decided May, 1934).

An award is therefore hereby entered in favor of the claimant for the sum of One Hundred Seventy-eight Dollars and Sixty-six Cents ($178.66).